[No. 28120-1-II.   Division Two.   November 8, 2002.]

THE STATE OF WASHINGTON, *Appellant*, v. EDWARD RAPOZO, *Respondent*.

*Arthur D. Curtis, Prosecuting Attorney*, and *Bernard F. Veljacic, Deputy*, for appellant.

*Gayle A. Ihringer* and *Edward L. Dunkerly* (of *Ihringer & Dunkerly*), for respondent.

BRIDGEWATER, J. — The State appeals a ruling dismissing a drug possession charge against Edward Rapozo, a minor, arguing that the trial court should have permitted it to amend the information. We hold that the trial court did not abuse its discretion by refusing to allow an amendment after opening statement. We affirm.

A Clark County juvenile probation counselor charged Rapozo with unlawful possession of a legend drug (Lorazepam), RCW 69.41.030, a misdemeanor. But at trial, the deputy prosecutor, in his opening statement, said that he would prove that Rapozo unlawfully possessed Lorazepam, in violation of RCW 69.50.210, which criminalizes the

possession of Schedule IV controlled substances, a felony.[1] Rapozo moved to dismiss, arguing that the opening statement set out a complete defense to the misdemeanor charge. The State then asked the trial court for time to brief the issue and, alternatively, moved to amend the information. The trial court continued the matter and permitted the parties to brief the issue.

Ultimately, the trial court granted Rapozo's motion to dismiss, reasoning that because Lorazepam is a controlled substance, the State must charge Rapozo with unlawfully possessing it under chapter 69.50 RCW, not chapter 69.41 RCW. *See* RCW 69.41.070(6); RCW 69.50.210. The court further ruled that the State's motion to amend the information from a misdemeanor (unlawful possession of a legend drug) to a felony (unlawful possession of a controlled substance) after Rapozo had moved to dismiss was untimely. The State concedes that Lorazepam is a controlled substance and that it should have charged Rapozo under RCW 69.50.210.

■■ Generally, amending charges is liberally allowed, *State v. Johnson*, 119 Wn.2d 143, 150, 829 P.2d 1078 (1992), and reviewed for an abuse of discretion. *State v. Schaffer*, 120 Wn.2d 616, 621-22, 845 P.2d 281 (1993). A trial court abuses its discretion when its decision is manifestly unreasonable or is based on untenable grounds or reasons. *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997), *cert. denied*, 523 U.S. 1008 (1998). The juvenile court rule on amending charges, JuCr 7.2(b), is essentially the same as the superior court criminal rule, CrR 2.1(d). Under either rule, the State may amend the information if the defendant is not substantially prejudiced, a burden the defendant carries. *State v. Brown*, 74 Wn.2d 799, 801, 447 P.2d 82 (1968). Whether the defendant has shown prejudice is a matter addressed to the trial court's sound discretion. *State v. Wilson*, 56 Wn. App. 63, 65, 782 P.2d 224 (1989), *review denied*, 114 Wn.2d 1010 (1990). In the usual case, we decide

---

[1] Lorazepam is a Schedule IV controlled substance listed in RCW 69-.50.210(b)(26).

whether the trial court properly exercised its discretion in permitting an amendment.

But here we decide whether the trial court properly exercised its discretion in refusing an amendment. *Schaffer*, 120 Wn.2d at 621-22. The State cites no authority for its claim that it is an abuse of discretion for the trial court to deny amendment in the absence of prejudice to the defendant. It certainly is true that if the court had permitted an amendment, then the defendant must show prejudice to obtain relief. *Brown*, 74 Wn.2d at 801.

■ Here the trial court exercised its discretion by not allowing the amendment from a misdemeanor to a felony after the State's opening statement. There is no doubt that an amendment would have increased the jeopardy to the defendant. It was within the trial court's discretion to deny the amendment. Prejudice is not the standard; discretion is.

The trial court held that the State's motion to amend the information to a felony charge from what was previously a misdemeanor, after defense counsel's motion to dismiss, was untimely. This is neither an untenable ground nor an untenable reason. And it does not matter that, had the trial court permitted the amendment, we would have sustained that decision because it would not have prejudiced Rapozo. The trial court properly denied the amendment, reasoning that the State had decided to proceed with the misdemeanor and had amended only after the defense had properly moved for dismissal. Furthermore, the State had ample opportunity to correct the charge before trial as almost two months had passed between charging and trial.

Affirmed.

MORGAN and HOUGHTON, JJ., concur.