[No. 86603-1.   En Banc.]
Argued June 12, 2012.     Decided August 16, 2012.

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH EUGENE
LAMB, *Petitioner*.

*Loren Oakley* (of *Clallam Public Defender*), for petitioner.

*Deborah S. Kelly, Prosecuting Attorney,* and *Lewis M. Schrawyer, Deputy,* for respondent.

¶1 OWENS, J. — This case concerns a trial court's exercise of discretion in vacating judgments, in disallowing the State to amend an information in a criminal case, and in dismissing counts of an information. Kenneth Lamb was charged with, among other things, 10 counts of unlawful possession of a firearm. The State alleged that Lamb was precluded from possessing firearms because of his 1991 juvenile adjudication for second degree burglary. Lamb moved to withdraw his 1991 plea of guilty and vacate the juvenile adjudication. The trial court[1] granted Lamb's motion. The trial court also denied the State's motion to amend the information to instead rely on another juvenile adjudication and, ultimately, dismissed the 10 unlawful possession of a firearm counts. The State appealed and the Court of Appeals reversed all three of the trial court's rulings. We affirm in part and reverse in part.

## FACTS

¶2 In 1987, Lamb pleaded guilty in juvenile court to indecent liberties based on his causing another person less than 14 years of age to have sexual contact with him. Lamb was 11 years old at the time of his offense. This means of committing indecent liberties was removed from the statute in 1988. LAWS OF 1988, ch. 145, § 10. In 1991, Lamb pleaded guilty in juvenile court to second degree burglary. At the time of entry, Lamb's juvenile adjudications did not result in the termination of his right to possess firearms.

¶3 After Lamb's adjudications, the legislature amended the prohibition on possession of firearms in several ways that affected Lamb. In 1992, the legislature amended RCW 9.41.040 to prohibit possession of short firearms or pistols by persons adjudicated guilty, as juveniles, of crimes of violence, including second degree burglary, former RCW

---

[1] For ease of reference, we refer to the "trial court" to describe both Lamb's juvenile court and superior court proceedings that took place in 2009 and 2010. *Cf. State v. Posey*, 174 Wn.2d 131, 140-41, 272 P.3d 840 (2012) (noting that juvenile court is a division of the superior court). The same judge presided in both.

9.41.010 (1992). LAWS OF 1992, ch. 205, § 118. In 1994, the legislature enacted RCW 9.41.047, which requires the court to notify an offender, at the time of conviction, of his or her ineligibility to possess a firearm. LAWS OF 1994, 1st Spec. Sess., ch. 7, § 404. The legislature also expanded the prohibition to *all* firearms, not just short firearms and pistols. *Id.* § 402. In 1996, the legislature expanded the scope of the unlawful possession of a firearm statute to encompass persons convicted or adjudicated of *any* felony. LAWS OF 1996, ch. 295, § 2. Thus, as of 1992, a juvenile adjudication of guilt for second degree burglary made possession of certain firearms a criminal offense, and, as of 1996, each of Lamb's felony juvenile adjudications independently precluded him from possessing any firearm. It is a verity on this appeal that Lamb never received notice that his right to possess firearms had been terminated.

¶4 In 2009, the State initiated the present case by charging Lamb with 3 counts of theft of a firearm, 10 counts of second degree unlawful possession of a firearm, and 1 count of unlawful manufacture of marijuana. The State relied on Lamb's 1991 second degree burglary adjudication as the predicate offense for the unlawful possession of a firearm counts.

¶5 Before trial, Lamb filed a motion to withdraw his guilty plea to, and vacate the order of disposition on, his juvenile adjudication for second degree burglary. In his motion, Lamb contended that the plea was not knowing, voluntary, and intelligent because he was not informed that his right to possess firearms would be terminated. Following a hearing, the trial court orally granted the motion and, one week later, issued written findings of fact and conclusions of law. The trial court's order was based on its conclusion that "under the totality of the facts and circumstances in this case denying the motion to withdraw the plea of guilty and vacate the order of disposition would be fundamentally unfair and constitute a manifest injustice." 1

Clerk's Papers (CP) at 13.[2] The State appealed on September 30, 2009. In its appeal, the State argued that Lamb's motion should have been treated as a time barred personal restraint petition.

¶6 Immediately following the trial court's denial of the motion for reconsideration, the State moved to amend the information a second time to make Lamb's juvenile indecent liberties conviction the predicate felony for five of the unlawful possession of a firearm counts. Lamb, meanwhile, moved to dismiss all of the unlawful possession of a firearm counts. The trial court granted Lamb's motion to dismiss the unlawful possession of a firearm counts with prejudice and denied the State's motion. The State appealed.

¶7 The Court of Appeals reversed, holding that the trial court had abused its discretion in (1) allowing Lamb to withdraw his plea and vacating the juvenile adjudication, (2) denying the State's motion to amend the information, and (3) dismissing the unlawful possession of a firearm charges. *State v. Lamb*, 163 Wn. App. 614, 618-19, 262 P.3d 89 (2011). With respect to the State's argument that Lamb's motion to vacate his juvenile adjudication was time barred, the Court of Appeals concluded that the State had abandoned the argument. *Id.* at 624 n.6. Lamb petitioned for review of the three issues on which the Court of Appeals reversed the superior court; the State did not cross petition with respect to the Court of Appeals' resolution of the time bar argument. We granted review of all the issues presented in the petition.[3] *State v. Lamb*, 173 Wn.2d 1020, 272 P.3d 851 (2012).

---

[2] "1 CP" refers to the consecutively numbered clerk's papers filed on November 3, 2009, and December 2, 2009. "2 CP" refers to the consecutively numbered clerk's papers filed on March 2, 2010, and May 3, 2010.

[3] At oral argument, the State indicated that it believed that the court had limited review to operation of the saving statute. The order granting review did not limit review in any way. *Cf.* RAP 13.7(b). We remind parties that the scope of review is determined by the order granting review, not any other source.

## ISSUES

¶8 1. Did the trial court err in allowing Lamb to withdraw his guilty plea and in vacating his juvenile burglary adjudication?

¶9 2. Did the trial court err in denying the State's motion to amend the information?

¶10 3. Did the trial court err in dismissing the unlawful possession of a firearm charges?

## ANALYSIS

1. Withdrawal of Plea and Vacation of Lamb's Juvenile Adjudication

¶11 The first issue in this case concerns the trial court's granting Lamb's motion to withdraw his 1991 guilty plea to second degree robbery and to vacate the juvenile adjudication based on that plea. A trial court's order on a motion to withdraw a guilty plea or vacate a judgment is reviewed for abuse of discretion. *In re Pers. Restraint of Cadwallader*, 155 Wn.2d 867, 879-80, 123 P.3d 456 (2005); *State v. Marshall*, 144 Wn.2d 266, 280, 27 P.3d 192 (2001). A trial court abuses its discretion if its decision "is manifestly unreasonable or based upon untenable grounds or reasons." *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). A court's decision "is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard." *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997). "A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard." *Id.* The "untenable grounds" basis applies "if the factual findings are unsupported by the record." *Id.*

¶12 In this case, the trial court's order vacating Lamb's juvenile burglary adjudication was based on unten-

able reasons. The trial court's stated basis for vacating Lamb's adjudication was that to deny the motion "would be fundamentally unfair and constitute a manifest injustice." 1 CP at 8. While correction of a manifest injustice is a sufficient basis to permit withdrawal of a guilty plea under CrR 4.2(f), withdrawal of Lamb's guilty plea must also meet the requirements set forth in CrR 7.8 since the motion was made after judgment was entered. *See* CrR 4.2(f) ("If the motion for withdrawal is made after judgment, it shall be governed by CrR 7.8."); *see also State v. Robinson*, 172 Wn.2d 783, 791 n.4, 263 P.3d 1233 (2011).

¶13 The trial court abused its discretion because it did not use any legal standard applicable under CrR 7.8. The only basis for relief from a final judgment that Lamb identifies as applicable is the "catchall" provision of CrR 7.8(b), which permits relief for "[a]ny other reason justifying relief from the operation of the judgment." CrR 7.8(b)(5). CrR 7.8(b)(5) allows for relief in situations not covered by subsections (1) through (4), *see State v. Brand*, 120 Wn.2d 365, 369, 842 P.2d 470 (1992), and "where the interests of justice most urgently require," *State v. Shove*, 113 Wn.2d 83, 88, 776 P.2d 132 (1989). The trial court did not discuss this standard or any of the cases interpreting CrR 7.8(b)(5). A finding of "manifest injustice" does not automatically establish that relief is available under CrR 7.8(b)(5). Accordingly, the trial court's decision was based on untenable reasons and was an abuse of discretion.

¶14 We recognize that in *Robinson* and *State v. A.N.J.*, 168 Wn.2d 91, 225 P.3d 956 (2010), we indicated that the manifest injustice standard of CrR 4.2(f) applies both before and after entry of judgment. *Robinson*, 172 Wn.2d at 791; *A.N.J.*, 168 Wn.2d at 106. In reaching this conclusion, we relied on *State v. Taylor*, 83 Wn.2d 594, 595, 521 P.2d 699 (1974). *Robinson*, 172 Wn.2d at 791-92; *A.N.J.*, 168 Wn.2d at 106-07. After *Taylor* was decided, however, CrR 4.2(f) was amended to state that motions for withdrawal made after entry of judgment are governed by CrR 7.8. Amend-

ment to CrR 4.2(f), 116 Wn.2d 1106 (effective Sept. 1, 1991). We did not discuss this amendment in either *Robinson* or *A.N.J.* We need not, in this case, revisit the discussion of the standard in *Robinson* and *A.N.J.*—a postjudgment motion to withdraw a guilty plea must either meet the requirements of *both* CrR 4.2(f) and CrR 7.8, compare *Robinson*, 172 Wn.2d at 791 n.4, or *only* CrR 7.8, see CrR 4.2(f). Either way, meeting only the manifest injustice standard of CrR 4.2(f) is insufficient when considering a postjudgment motion to withdraw a guilty plea, and the trial court therefore employed the incorrect legal standard.

¶15 Moreover, the legal argument presented by Lamb fails to even establish a manifest injustice. Lamb argues that his plea results in a manifest injustice because it was not knowing, voluntary, and intelligent. *Cf. Robinson*, 172 Wn.2d at 794 ("[D]ue process requires that a defendant's guilty plea be knowing, voluntary, and intelligent."). He argues that his plea was not knowing, voluntary, and intelligent because he was not advised that it would result in the termination of his right to possess firearms. This argument lacks merit. Whether a plea is voluntary is determined by ascertaining whether the defendant was sufficiently informed of the direct consequences of the plea that existed *at the time* of the plea. *Cf. Brady v. United States*, 397 U.S. 742, 757, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."). When Lamb pleaded guilty to second degree burglary, the loss of the right to possess firearms was not a consequence—either direct or collateral—of that plea. *See* former RCW 9.41.040 (1983). Because the loss of the right was not, at the time of the plea, a consequence of a plea of guilty, failure to advise Lamb of the loss of the right to possess firearms does not render his plea involuntary. That the legislature may terminate the right to possess firearms after a defendant is convicted was

established by *State v. Schmidt*, 143 Wn.2d 658, 677-78, 23 P.3d 462 (2001) (lead opinion); *id.* at 681 (Madsen, J., concurring). Lamb has failed to establish even a lack of voluntariness constituting a manifest injustice.

## 2. Denial of State's Motion To Amend the Information

¶16 The second issue in this case is whether the trial court erred in refusing to permit the State to amend the information to make Lamb's indecent liberties adjudication the predicate offense for five of the unlawful possession of a firearm counts. Amendment of a charging document is governed by CrR 2.1(d), which provides that "[t]he court may permit any information or bill of particulars to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced." A trial court's ruling on a proposed amendment to an information is reviewed for abuse of discretion. *State v. Schaffer*, 120 Wn.2d 616, 621-22, 845 P.2d 281 (1993).

¶17 Typically, appellate review of the amendment of an information arises when a criminal defendant challenges a trial court's decision to permit the amendment. *See, e.g.,* *State v. Vangerpen*, 125 Wn.2d 782, 785-86, 888 P.2d 1177 (1995). In that context, the limits to the trial court's discretion are clear from the text of the rule—the trial court cannot permit amendment of the information if substantial rights of the defendant would be prejudiced. CrR 2.1(d). The defendant's burden in such cases, therefore, is to demonstrate prejudice to his or her substantial rights. *See* *Schaffer*, 120 Wn.2d at 621-22.

¶18 At least two published Washington appellate cases address the scope of the trial court's discretion in denying a motion to amend an information. In *State v. Haner*, 95 Wn.2d 858, 859-60, 631 P.2d 381 (1981), the defendant was initially charged with second degree assault with a deadly weapon enhancement. Prior to trial, as a result of plea bargaining, the State moved to amend the information to reduce the charge to third degree assault and remove the

deadly weapon allegation. *Id.* at 860. The trial court denied the motion based on its determination that, if guilty, the defendant should serve the full amount of time in prison for second degree assault with a deadly weapon enhancement. *Id.* at 860-61. This court affirmed the trial court's denial of the motion to amend. *Id.* at 865. While this court discussed the role of former CrR 4.2(e) (1973), which is unique to the plea bargaining context, it also held that the court's discretion to deny amendment of an information based on a plea bargain remained limited by CrR 2.1(d). *Id.* at 862-64. This court held that it could not "say that the judge abused his discretion in concluding that the public interest would not be served by reduction of the charge and dropping of the deadly weapon allegation." *Id.* at 865. The proposed amendment to the information in *Haner* plainly did not prejudice the rights of the defendant and yet the trial judge still possessed the authority to disallow the amendment.

¶19 Similarly, in *State v. Rapozo*, 114 Wn. App. 321, 322-24, 58 P.3d 290 (2002), the Court of Appeals held that the trial court did not abuse its discretion in refusing to permit the State to amend an information to charge a felony instead of a misdemeanor, even though the amendment did not prejudice the defendant. The holdings of *Haner* and *Rapozo* both make clear that a trial court may deny a motion to amend an information irrespective of prejudice to a defendant. *Haner* and *Rapozo* are faithful to the plain text of CrR 2.1(d), which provides that the trial court *"may"* permit amendment. (Emphasis added.)

¶20 In the present case, the State argues that the trial court abused its discretion in denying the motion to amend the information because "the State's proposed amendment did not prejudice Mr. Lamb's right to a fair trial." Br. of Appellant (May 4, 2010) at 17. The Court of Appeals reversed the trial court on this basis. *Lamb*, 163 Wn. App. at 631. Even if true, however, the absence of prejudice to the defendant does not establish that the trial court abused its discretion in denying the motion. *Haner*, 95 Wn.2d at 863,

865; *Rapozo*, 114 Wn. App. at 324. As such, the State has not met its burden of demonstrating that the trial court abused its discretion in declining to allow the State to amend the information. Accordingly, we reverse the Court of Appeals.

### 3. Dismissal of Unlawful Possession of a Firearm Counts

██ ██ ¶21 The final issue in this case is whether the trial court erred in dismissing the 10 unlawful possession of a firearm counts against Lamb.[4] A motion to dismiss a criminal charge is governed by CrR 8.3. Lamb's motion to dismiss relied exclusively on CrR 8.3(c), which permits a defendant to "move to dismiss a criminal charge due to insufficient evidence establishing a prima facie case of the crime charged." Specifically, Lamb argued that because his juvenile adjudication for burglary had been vacated, "there is no basis for the charges of unlawful possession of a firearm .... Without such a basis, the State cannot prove an essential element of the crime." 2 CP at 18. The trial court granted Lamb's motion to dismiss the unlawful possession of a firearm charges. A trial court's decision on a motion to dismiss charges is reviewed for a manifest abuse of discretion. *State v. Puapuaga*, 164 Wn.2d 515, 520-21, 192 P.3d 360 (2008).

¶22 Because the trial court's vacation of Lamb's burglary adjudication has been reversed, the basis for the trial court's dismissal of the unlawful possession of a firearm counts no longer exists. The asserted deficiency in the State's prima facie case of unlawful possession of a firearm was the absence of a valid predicate offense. Because the burglary adjudication has been reinstated, that deficiency has been cured. Accordingly, the order granting Lamb's motion to dismiss the criminal charges was an abuse of discretion.

---

[4] The State represented to this court that, on remand, it will not pursue the unlawful possession of a firearm counts against Lamb. We take the State at its word.

## CONCLUSION

¶23 We hold that the trial court abused its discretion when it vacated Lamb's juvenile adjudication for second degree burglary and dismissed the 10 unlawful possession of a firearm counts against Lamb. On these two issues, we affirm the Court of Appeals. We reverse the Court of Appeals with respect to the trial court's refusal to permit the State to amend the information and hold that the trial court did not abuse its discretion. We remand the case to the trial court for further proceedings consistent with this opinion.

MADSEN, C.J., and C. JOHNSON, CHAMBERS, FAIRHURST, J.M. JOHNSON, STEPHENS, WIGGINS, and GONZÁLEZ, JJ., concur.