2016 FEB -8 A: 10: 57



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,       )
                                     )     No. 71748-1-I
            Respondent,       )
                                       )     DIVISION ONE
     v.                                   )
                                       )
ALVIN WALKER,                )     UNPUBLISHED OPINION
                                       )
           Appellant.         )     FILED: <u>February 8, 2016</u>

SPEARMAN, C.J. — Alvin Walker appeals the denial of his motion to withdraw his guilty plea. He argues that his plea was not knowing, intelligent, and voluntary. He also asserts that he received ineffective assistance of counsel because his attorneys had a conflict of interest. Finding no error, we affirm.

## FACTS

Walker was convicted by a jury of second degree assault, felony harassment, and second degree rape. The trial court imposed standard range sentences for the assault and harassment charges and an indeterminate term of 159 months to life on the rape charge. This court affirmed Walker's conviction.

Fernanda Torres, an attorney with the Innocence Project Northwest, filed a CrR 7.8(b)(5) motion for relief from judgment on Walker's behalf. The motion asserted that the performance of Walker's trial counsel was deficient because the attorney (1) failed to request a material witness warrant to secure the testimony of a potential defense witness and (2) failed to review medical records that supported Walker's defense. About a week before the motion hearing, Torres and her co-counsel David Allen decided to

strike the part of the motion concerning the potential witness. In Torres's opinion, the amended motion was significantly weaker than the original motion. Torres informed Walker of the amendment and told him that she did not expect to prevail on the CrR 7.8 motion. Walker authorized Torres to attempt to negotiate a settlement with the State.

The day before the motion hearing, the State offered a plea of assault in the first degree and rape in the third degree, which would result in a determinate sentence of 138 months. Torres discussed the offer with Walker for about two hours that morning. A large part of their discussion concerned the difference between a determinate sentence, under which Walker was certain to be released at the end of his term, and an indeterminate sentence, under which Walker could serve life in prison if the indeterminate sentence review board found that he was likely to reoffend. Torres and Allen met with Walker again that afternoon. Walker authorized them to accept the offer and Torres prepared the plea documents.

On the morning of the motion hearing, Torres reviewed the documents with Walker, which included a straight plea to the assault charge and an Alford plea[1] to the sex offense. A document titled "Exhibit A" was attached to both pleas. Exhibit A included statements addressing Walker's right to claim ineffective assistance of counsel and expressing satisfaction with his attorneys:

> Pursuant to this plea agreement, I agree to waive any appeal of my conviction or imposition of a standard range sentence on the amended charges. . . . I understand this does not include a waiver to a claim of ineffective assistance of counsel. I am satisfied with the representation and counsel I have received from my attorneys, Fernanda Torres and David Allen. I also understand that by pleading

---

[1] Under North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a defendant may, under some circumstances, enter a guilty plea without admitting his guilt. Washington adopted the Alford holding in State v. Newton, 87 Wn.2d 363, 552 P.2d 682 (1976).

guilty to these charges, I am agreeing to the dismissal of my CrR 7.8(b) motion.

Clerk's Papers (CP) at 366. (Emphasis added.).

Following her meeting with Walker, Torres reviewed the plea paperwork with the State. The State objected to the sentence in Exhibit A that stated "I understand this does not include a waiver to a claim of ineffective assistance of counsel." CP at 406. Torres blacked out that sentence. Torres met with Walker again and Walker signed the plea documents.

At the plea colloquy, Walker stated that he understood the plea, adopted the factual statements as his own, and was not acting in response to threats or promises. He stated that he agreed with Exhibit A and did not need more time to consult with his lawyer. After finding that Walker's decision was knowing, intelligent, and voluntary, the court accepted his guilty plea.

Later that same day, Walker sent a letter to the trial court asking to withdraw his plea. After the court appointed new counsel, Walker argued that the plea was not voluntary because of the short time he had to consider the offer and because his attorneys exaggerated the possibility that he would spend life in prison under his indeterminate sentence. He argued that the plea was not knowing because he did not understand the rights he relinquished in Exhibit A. He also argued that the sentence in Exhibit A that asserted his satisfaction with the representation he received from his attorneys demonstrated that his attorneys had a conflict of interest.

At the hearing on Walker's motion to withdraw his guilty plea, Torres testified to her meetings with Walker during plea negotiations. She stated that she reviewed Exhibit A with Walker after striking the sentence concerning Walker's right to claim ineffective

3

assistance of counsel and explained to him that striking the sentence had no effect. Torres also stated that the sentence in Exhibit A expressing Walker's satisfaction with representation was intended to make it more difficult for Walker to prevail on a claim of ineffective assistance of counsel. Torres stated that she did not believe the sentence had any practical effect. She also stated that, in retrospect, she should have stricken the expression of satisfaction when she struck the sentence concerning Walker's right to claim ineffective assistance of counsel.

The trial court considered Torres's testimony, Walker's declaration, the briefing of both parties, and the recording of the plea hearing. The court denied Walker's motion to withdraw his guilty plea because it found that he failed to demonstrate a manifest injustice. Walker appeals.

## DISCUSSION

Walker argues that the trial court erred in denying his motion to withdraw his guilty plea. A trial court's decision on a motion to withdraw a guilty plea is reviewed for abuse of discretion. State v. Lamb, 175 Wn.2d 121, 127, 285 P.3d 27 (2012) (citing In re Pers. Restraint of Cadwallader, 155 Wn.2d 867, 879-80, 123 P.3d 456 (2005)). A trial court abuses its discretion if its decision "is manifestly unreasonable or based upon untenable grounds or reasons. . . ." State v. Powell, 126 Wn.2d 244, 258, 893 P.3d 615 (1995). To prevail in a motion to withdraw a guilty plea, a defendant must establish that withdrawal of the plea is necessary to correct a manifest injustice. CrR 4.2(f); State v. Taylor, 83 Wn.2d 594, 596, 521 P.2d 699 (1974). A manifest injustice may be found if the defendant did not receive effective assistance of counsel, the plea was not ratified

4

by the defendant, the plea was involuntary, or the prosecution breached the plea agreement. Taylor, 83 Wn.2d at 597. Walker claims that a manifest injustice exists in this case because his plea was involuntary and because he received ineffective assistance of counsel. We address each claim in turn.

A "strong presumption" of voluntariness arises when a defendant has admitted to reading, understanding, and signing a plea form. State v. Smith, 134 Wn.2d 849, 852, 953 P.2d 810 (1998). A defendant's statement on the record that he is entering the plea voluntarily is "'highly persuasive.'" State v. Osborne, 102 Wn.2d 87, 97, 684 P.2d 683 (1984) (quoting State v. Frederick, 100 Wn.2d 550, 556, 674 P.2d 136 (1983)). A "bare allegation" of coercion in a defendant's affidavit is not sufficient to overcome such "highly persuasive" evidence. Id. The timing of a defendant's motion to withdraw a guilty plea may be considered, but is only given weight if the motion is made promptly after the discovery of previously unknown consequences or information. State v. A.N.J., 168 Wn.2d 91, 107, 225 P.3d 956 (2010).

Walker argues that his plea was involuntary because his attorneys improperly pressured him to plead guilty and because he did not knowingly and intelligently enter the plea. He first asserts that Torres and Allen coerced his decision to plead guilty by misrepresenting his chances of prevailing on the CrR 7.8 motion, equating his indeterminate sentence with life in prison, and by failing to allow him sufficient time to consider the plea offer. Walker contends that the fact that he asked the court to withdraw his guilty plea within hours of the plea hearing also supports the conclusion that the plea must be set aside to correct a manifest injustice.

5

In reaching its decision, the trial court considered Walker's statements on the record that he understood the plea, did not need more time, and was entering the plea voluntarily. The court considered the timing of Walker's request and the statements in his declaration. The court heard Torres's testimony and considered the length of time that Walker had to review the plea offer, the number and duration of meetings with his attorneys, and the topics discussed during those meetings. The court found Walker had not shown that his decision to plead guilty was coerced. It further found that although Walker's request to withdraw the plea occurred within hours of the plea hearing, that fact was entitled to no weight because the request was not based on previously unknown consequences or information.

Walker also argues that his decision to plead guilty was not knowing and intelligent because he did not understand the effect of the change to Exhibit A. He challenges the portion of Finding of Fact number six that states, "Torres reviewed exhibit A with Walker after the waiver language was stricken and explained to him that the stricken language did not change the rights he was waiving. . . ." CP at 406. Walker contends that when Torres reviewed Exhibit A with him the document included the sentence: "I understand this does not include a waiver to a claim of ineffective assistance of counsel." Id. He asserts that striking the sentence affected his rights on appeal, Torres did not explain the significance of the change, and he thus waived a right unknowingly. Walker's argument fails because the deleted sentence did not change Walker's rights or the consequences of his plea. The sentence merely stated that Walker understood that he had the right to claim ineffective assistance of counsel. Deleting the sentence did not waive the right.

Walker's assertion that Torres did not explain the effect of deleting the sentence is not supported by the record. A finding of fact is upheld on appeal if it is supported by substantial evidence. A.N.J., 168 Wn.2d at 107. Walker argues that Torres stated that she did not specifically remember explaining the amendment to Exhibit A and that she only said she "would have" explained it. Brief of Appellant at 19-20. But Torres consistently and repeatedly stated that she explained the sentence concerning the right to bring a claim of ineffective assistance of counsel and that removing the sentence had no effect. Although she frequently used the conditional tense, her testimony as a whole does not express uncertainty. Torres did not specifically remember explaining the sentence expressing Walker's satisfaction with counsel, but she did remember explaining the sentence concerning his right to claim ineffective assistance of counsel. We conclude that substantial evidence supports the trial court's finding that Torres explained the amendment to Exhibit A.

The trial court considered all evidence before it and based its ruling on the correct legal standard. Walker's statements at the plea colloquy and Torres's testimony support the conclusion that his decision to enter the plea was knowing, intelligent and voluntary. The denial of Walker's motion is thus not "manifestly unreasonable or based upon untenable grounds . . . ." Powell, 126 Wn.2d at 258. The trial court did not abuse its discretion.

Walker next argues that Exhibit A demonstrates that he received ineffective assistance of counsel because Torres and Allen had a conflict of interest. We review a claim of ineffective assistance of counsel de novo. In re Pers. Restraint of Gomez, 180 Wn.2d 337, 347-48, 325 P.3d 142 (2014). A conflict of interest is not a per se violation

of the right to effective assistance of counsel. Id. A defendant must show both that counsel actively represented conflicting interests and that the conflict adversely affected counsel's performance. Id. at 348-49 (citing Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980)). To establish that a conflict existed and negatively impacted performance, the defendant must point to "specific instances in the record" State v. Graham, 78 Wn. App. 44, 55, 896 P.2d 704 (1995) (citing State v. Martinez, 53 Wn. App. 709, 715, 770 P.2d 646 (1989)). Review of counsel's performance is highly deferential. Gomez. 180 Wn.2d at 348 (citing Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

Walker argues that Torres and Allen violated the rules of professional conduct (RPCs) regarding conflicts of interest and prospective limitations on liability. The RPCs "do not 'embody the constitutional standard for effective assistance of counsel,'" but they do serve as guidelines "for determining what is reasonable." Gomez, 180 Wn.2d. at 349 (quoting State v. White, 80 Wn. App. 406, 412-13, 907 P.2d 310 (1995)). Under RPC 1.7(2), a concurrent conflict of interests exists if "there is a significant risk that the representation of one or more clients will be materially limited ... by a personal interest of the lawyer." Under RPC 1.8(h), "a lawyer shall not ... make an agreement prospectively limiting the lawyer's liability to a client for malpractice unless permitted by law and the client is independently represented by a lawyer in making the agreement."

Walker argues that the expression of satisfaction in Exhibit A demonstrates that his attorneys improperly sought to protect their personal interests. Walker asserts that Torres's and Allen's interest in insulating themselves adversely affected their performance because they provided inaccurate and misleading advice and allowed him

insufficient time to consider the plea. He also contends that, by including the statement that he was satisfied with their performance in the plea documents, Torres and Allen effectively required him to waive his right to claim ineffective assistance of counsel as part of his plea bargain.

We reject his argument because, while the expression of satisfaction is evidence that Walker's attorneys sought to protect themselves from allegations of ineffective assistance, Walker does not show that this interest amounts to a conflict that adversely affected performance. Walker's assertion that Torres and Allen gave him inaccurate and misleading information is a bare allegation, unsupported by "specific instances in the record." Graham, 78 Wn. App. at 55. Walker makes no argument as to how his attorneys' self interest caused the allegedly deficient performance. Walker also fails to show that the expression of satisfaction prevented him from claiming ineffective assistance of counsel or amounted to a prospective limitation on liability in violation of RPC 1.8(h).

The expression of satisfaction served no purpose and, as Torres stated, it would have been wiser not to include it in the plea documents. But the sentence does not establish that Walker's attorneys had a conflict of interest that adversely affected their representation or that they entered into an improper prospective limitation of liability. We hold that the trial court did not err in denying Walker's motion to withdraw his guilty plea based on ineffective assistance of counsel.

No. 71748-1-I/10

Affirmed.

Spearman, C.J.

WE CONCUR:

Leach, J.

Lau, J.

10