# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48661-0-II |
| Respondent, | |
| v. | |
| BYRON FAMOUS JACKSON, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Byron Famous Jackson pleaded guilty to residential burglary, two counts of second degree assault, and unlawful imprisonment. Jackson appeals the trial court's order denying his CrR 7.8 motion to modify his judgment and sentence. Jackson argues that his offender score incorrectly included several out-of-state burglary convictions. Jackson also argues that he received ineffective assistance of counsel when his counsel failed to adequately investigate the validity of the California burglary convictions. Finally, Jackson contends that the trial court improperly modified his legal financial obligations (LFOs). Here, Jackson waived any challenge to the comparability of his out-of-state convictions by affirmatively agreeing to their inclusion in the calculation of his offender score. And Jackson fails to show prejudice based on counsel's alleged deficient performance.[1]

---

[1] Jackson also argues that we should decline to impose costs on appeal. The State concedes that it will not be able to show that Jackson's financial circumstances have significantly improved since the trial court entered a finding that Jackson was indigent. RAP 14.2. We accept the State's concession and decline to award costs on appeal.

Accordingly, we affirm the superior court's order denying Jackson's CrR 7.8 motion but reverse the modification of Jackson's LFOs and remand for the superior court to conduct an individualized inquiry on its order modifying Jackson's LFOs.

FACTS

On July 18, 2014, Jackson pleaded guilty to one count of residential burglary, two counts of second degree assault, and one count of unlawful imprisonment. Jackson's criminal history included several burglary convictions from California. Based on this criminal history, Jackson's offender score was calculated as 9+ on all the charges. Jackson signed a stipulation to his criminal history and offender score. The trial court sentenced Jackson to a standard range sentence.

On July 27, 2015, Jackson filed a pro se CrR 7.8 motion to modify his judgment and sentence. Jackson alleged that his offender score was miscalculated based on the California convictions. That same day, Jackson filed a second pro se CrR 7.8 motion arguing that (1) he received ineffective assistance of counsel, (2) the State overcharged the burglary count, (3) his plea was involuntary, (4) the plea resulted in a manifest injustice, and (5) the alleged facts do not prove a dwelling for the purpose of the burglary charge. And Jackson filed a third motion to terminate his LFOs.

The trial court appointed counsel to represent Jackson on his motions. At the hearing on the motions, Jackson informed the court that he was not seeking to withdraw his guilty plea, but seeking only to be resentenced with a correct offender score. Jackson then withdrew all his claims except for the challenge to his offender score calculation, the ineffective assistance of counsel claim related to his offender score calculation, and the imposition of LFOs.

Jackson made two arguments to the trial court. First, he argued that his offender score was miscalculated because his California convictions should have been counted as the same criminal conduct. Second, he argued that he received "ineffective assistance of counsel because the California stuff was[ not] properly vetted." Verbatim Report of Proceedings (VRP) (Jan. 15, 2016) at 99. Jackson did not elaborate any further on his ineffective assistance of counsel claim. Jackson also did not argue the legal or factual comparability of the California convictions. In fact, Jackson did not present any argument that the California convictions should not be included in his criminal history.

The trial court entered findings of fact and conclusions of law on Jackson's CrR 7.8 motion. The trial court made the following relevant findings of fact:

2. [Defense counsel's] performance while representing the defendant was not deficient as [defense counsel] was thorough.

3. The defendant stipulated to his criminal history when he entered a plea of guilty and again when he signed his judgment and sentence.

4. The defendant has failed to present any evidence that his prior California convictions were or should have been treated as same criminal conduct by this court. The defendant waived these factual issues (same criminal conduct and comparative analysis) when he entered his plea of guilty and failed to raise these issues in a timely manner.

Clerk's Papers (CP) at 321. The trial court concluded that Jackson had the burden of demonstrating a manifest injustice and that Jackson failed to meet this burden. The trial court denied the "defendant's motion to vacate or modify his plea and sentence." CP at 322.

However, the trial court modified Jackson's judgment and sentence to strike the following discretionary LFOs, the $1,000 jail fee and the $600 court-appointed attorney fee. In doing so, the trial court found,

3

> I am striking the $1,000 jail fee and I'm also striking the $600 attorney fee from the [judgment and sentence], and we will go with the amount that was ordered by the supplemental order, which was $1,600. So for all intents and purposes, that has the effect of reducing Mr. Jackson's obligations by approximately $1,600. And I'm also finding that Mr. Jackson has the ability, as he testified at the time we did the plea, to get a job and make money and make periodic payments. And that's what I've set forth here is a small amount of periodic payments of 25 bucks a month. And when Mr. Jackson is released, if in fact he is in a situation where he cannot pay that, then he can come back to the Court at that time and ask for further relief.

VRP (Jan. 15, 2016) at 107. As a result, the only remaining discretionary LFOs that the trial court imposed were a $46 sheriff service fee and the $1,600 attorney fee.

Jackson appeals the trial court's order denying his CrR 7.8 motion and granting his motion to modify LFOs.

ANALYSIS

I. CrR 7.8 MOTION

The State argues that the trial court erred by applying a manifest injustice standard and that we should reverse and remand for the trial court to consider the appropriate legal standard. However, the State has not filed a notice of appeal. Under RAP 2.4(a),

> [t]he appellate court will grant a respondent affirmative relief by modifying the decision which is the subject matter of the review only (1) if the respondent also seeks review of the decision by the timely filing of a notice of appeal or a notice of discretionary review, or (2) if demanded by the necessities of the case.

The "necessities of the case" provision is generally applied "when the petitioner's claim cannot be considered separately from issues a respondent raises in response." *State v. Sims*, 171 Wn.2d 436, 444, 256 P.3d 285 (2011). Here, the necessities of the case justifies reviewing the State's assignment of error because the standard used to determine whether Jackson is entitled to relief on his CrR 7.8 motion is necessary for us to determine whether the trial court abused its discretion by

denying Jackson's CrR 7.8 motion. Accordingly, we review the State's assignment of error even though the State did not file a separate notice of appeal.

CrR 7.8 governs post judgment motions seeking relief from judgment. We review a trial court's ruling on CrR 7.8 motions for an abuse of discretion. *State v. Martinez*, 161 Wn. App. 436, 440, 253 P.3d 445 (2011). A trial court abuses its discretion when its decision is based upon untenable grounds or reasons. *State v. Pierce*, 155 Wn. App. 701, 710, 230 P.3d 237 (2010).

CrR 7.8(b) provides that a defendant may obtain relief from judgment based on mistake, newly discovered evidence, fraud, void judgment, or "[a]ny other reason justifying relief from the operation of the judgment." However, when a CrR 7.8 motion is a motion to withdraw a guilty plea, the defendant must meet the standards under both CrR 4.2(f) and CrR 7.8. *State v. Lamb*, 175 Wn.2d 121, 128, 285 P.3d 27 (2012). Under CrR 4.2(f), the defendant must show that withdrawal of the plea is necessary to correct a manifest injustice.

Here, the State contends that the trial court erred by applying the CrR 4.2(f) "manifest injustice" standard to Jackson's CrR 7.8 motion. The State is correct that the trial court incorrectly applied the manifest injustice standard to Jackson's motion to modify his sentence. Jackson's initial motion to modify his sentence was not a motion to withdraw his guilty plea. And at the hearing on his CrR 7.8 motion, Jackson specifically stated that he was not seeking to withdraw his guilty plea. Accordingly, the trial court should have applied the standard under CrR 7.8(b). Applying the correct standard in this case, CrR 7.8(b), Jackson would have been required to show either a mistake or "any other reason justifying relief from the operation of the judgment." But Jackson would not have been required to demonstrate a manifest injustice under CrR 4.2(f).

Therefore, the trial court erred by applying the manifest injustice standard to Jackson's CrR 7.8 motion to modify his sentence.

Although the trial court erred by applying the wrong standard to Jackson's CrR 7.8 motion to modify his sentence based on an incorrect offender score, the error was harmless and does not require reversal.

Violations of court rules are subject to a harmless error analysis. *State v. Robinson*, 153 Wn.2d 689, 697, 107 P.3d 90 (2005). Reversal is appropriate only when the court's error was prejudicial. *Robinson*, 153 Wn.2d at 697. The trial court's error is prejudicial when, within reasonable probabilities, the outcome of the motion would have been materially affected if the error had not occurred. *Robinson*, 153 Wn.2d at 697. As explained below, the law is clear that, by affirmatively agreeing to his criminal history and offender score calculation, Jackson waives a challenge to his offender score based on same criminal conduct and comparability. Therefore, Jackson's motion fails under CrR 7.8(b).

In addition, Jackson has failed to show that he was prejudiced by any alleged deficient performance by his attorney(s). Therefore, his ineffective assistance of counsel claim must fail and he cannot show "any other reason justifying relief" under CrR 7.8(b). Because Jackson's motion fails under the CrR 7.8 standard, the outcome of the motion was not materially affected by which court rule the trial court applied. Accordingly, the trial court's error was harmless.

## II. OFFENDER SCORE CALCULATION

Jackson argues that his offender score was miscalculated because his California convictions were not comparable to Washington offenses and, even if the offenses were comparable some of the offenses were the same criminal conduct. Here, Jackson waived both an

objection based on the comparability of the California convictions and a same criminal conduct analysis by affirmatively agreeing to his criminal history and offender score calculation. Accordingly, Jackson cannot show that there was a mistake or "any other reason justifying relief from the judgment" under CrR 7.8(b).

Under RCW 9.94A.525(3), out-of-state convictions are included in a defendant's offender score based on comparable Washington offenses. Generally, the State bears the burden of proving the existence and comparability of out-of-state convictions. *State v. Ross*, 152 Wn.2d 220, 230, 95 P.3d 1225 (2004). However, a defendant waives the right to object to an inclusion of a prior out-of-state conviction when the defendant affirmatively acknowledges that the conviction was properly included in his or her offender score. *Ross*, 152 Wn.2d at 230. Here, Jackson affirmatively agreed to the inclusion of the California convictions when he signed the stipulation to his criminal history and offender score calculation. Accordingly, Jackson has waived his challenge to the inclusion of his California convictions based on comparability.

Jackson has also waived his objection to the calculation of his offender score based on the same criminal conduct. Whether convictions are considered the same criminal conduct is a factual issue to be considered by the trial court and is waived if not raised by the defendant. *State v. Nitsch*, 100 Wn. App. 512, 524-25, 997 P.2d 1000 (2000). Because Jackson did not argue that his California convictions were the same criminal conduct at sentencing, he waived his challenge to the calculation of his offender score.

Thus, Jackson waived the challenges to his offender score based on both comparability and the same criminal conduct, and he cannot show that there was a mistake or "any other reason

justifying relief from the operation of the judgment," as required under CrR 7.8(b). Therefore, the trial court properly denied Jackson's CrR 7.8 motion.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on an ineffective assistance of counsel claim, a defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Our scrutiny of counsel's performance is highly deferential; there is a strong presumption of reasonableness. *McFarland*, 127 Wn.2d at 335. To establish prejudice, a defendant must show a reasonable probability that the outcome of the trial would have differed absent the deficient performance. *State v. Grier*, 171 Wn.2d 17, 34, 246 P.3d 1260 (2011). If a defendant fails to establish either deficiency or prejudice, the ineffective assistance of counsel claims fail. *Strickland*, 466 U.S. at 687.

Here, Jackson argues that he received ineffective assistance of counsel because neither his trial attorney, nor his CrR 7.8 attorney, adequately investigated or argued the comparability of the California burglary convictions. However, Jackson fails to meet his burden to show prejudice.

To show prejudice, Jackson would have to show that there was a reasonable probability that the outcome of his sentencing would have been different if counsel had adequately raised and argued that his California offenses were not comparable to Washington offenses, or, in the case of his CrR 7.8 counsel, that the CrR 7.8 motion would have been granted.

Offenses are factually comparable when the conduct for which the defendant was convicted would have violated a Washington statute. *State v. Olsen*, 180 Wn.2d 468, 473, 325 P.3d 187

(2014). To determine factual comparability, the court may rely on any facts that were admitted, stipulated, or proved to the fact finder beyond a reasonable doubt. *Olsen*, 180 Wn.2d at 473-74.

Jackson asserts that his California convictions are not factually comparable because the record before us does not contain sufficient facts that were admitted, stipulated, or proved. However, Jackson bears the burden of establishing prejudice in his ineffective assistance of counsel claims. Because we cannot determine whether the California burglary convictions were factually comparable, Jackson cannot not meet his burden to show prejudice and his ineffective assistance of counsel claims must fail.

IV. LEGAL FINANCIAL OBLIGATIONS

Jackson challenges the imposition of the discretionary LFOs. Because the trial court modified the amount of the discretionary LFOs, we review whether the superior court performed an individualized inquiry in imposing discretionary LFOs at the hearing on the CrR 7.8 motion. *See* RCW 10.01.160(3).

Before imposing discretionary LFOs, the trial court must make an individualized inquiry into the defendant's current and future ability to pay. *State v. Blazina*, 182 Wn.2d 827, 838, 344 P.3d 680 (2015). "Within this inquiry, the court must also consider important factors . . . such as incarceration and a defendant's other debts, including restitution, when determining a defendant's ability to pay." *Blazina*, 182 Wn.2d at 838.

Here, the trial court did not engage in an individualized inquiry prior to modifying Jackson's discretionary LFOs. The trial court relied exclusively on Jackson's prior representations regarding his possibility of obtaining a job after he is released. Because the trial court did not consider Jackson's debts or the effect of the length of his incarceration would have on his current

or future ability to pay as required under *Blazina*, the trial court failed to make an individualized inquiry into Jackson's ability to pay. Accordingly, we reverse the modification of the discretionary LFOs and remand to the trial court for an individualized inquiry into Jackson's ability to pay.

We affirm the superior court's order denying Jackson's CrR 7.8 motion but reverse the modification of Jackson's LFOs and remand for the superior court to conduct an individualized inquiry on its order modifying Jackson's LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J

LEE, J.