IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77134-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON DALE BACKSTROM, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Trial courts must meaningfully consider, but have considerable discretion to weigh, the mitigating factors of youth when sentencing a defendant convicted of crimes committed as a juvenile. Because the trial court meaningfully considered mitigating evidence of Brandon Backstrom's youthfulness during resentencing, including evidence of his capacity for rehabilitation, the court did not abuse its discretion.

Therefore, we affirm.

## FACTS

In 1997, 17-year-old Brandon Backstrom killed his neighbors, a mother and her 12-year-old daughter, during a planned robbery of their home.[1] He

___

[1] The details of Backstrom's crime are available in this court's unpublished opinion affirming his conviction. State v. Backstrom, noted at 102 Wn. App. 1042 (2000).

was convicted on two counts of aggravated first degree murder while armed with a deadly weapon and received a mandatory sentence of two consecutive terms of life without the possibility of parole. Each count also carried a 24-month deadly weapon enhancement.

In 2012, the Supreme Court decided Miller v. Alabama[2] and held the Eighth Amendment prohibits mandatory sentences for juveniles of life in prison without the possibility of parole. In response, the legislature enacted the Miller-fix statute,[3] which requires that any juvenile sentenced to life in prison without the possibility of parole be resentenced.[4]

In 2017, a trial court held a Miller hearing for Backstrom and sentenced him to two concurrent terms of a minimum of 42 years up to a maximum term of life. The court declined to impose any confinement for the deadly weapon enhancements.

Backstrom appealed, and we reviewed his appeal as a personal restraint petition and affirmed. He petitioned the Supreme Court for review, and it remanded for reconsideration in light of its decision in State v. Delbosque.[5, 6]

---

[2] 567 U.S. 460, 479, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

[3] RCW 10.95.030(3), .035.

[4] State v. Bassett, 192 Wn.2d 67, 74, 428 P.3d 343 (2018) (citing RCW 10.95.035).

[5] 195 Wn.2d 106, 456 P.3d 806 (2020).

[6] State v. Backstrom, 195 Wn.2d 1018, 456 P.3d 209 (2020).

ANALYSIS

An appeal from a <u>Miller</u>-fix resentencing is a direct appeal of the newly-imposed sentence.[7] We review sentencing decisions for abuse of discretion and will reverse where the trial court's decision rests on untenable grounds or was made for untenable reasons.[8]

A trial court lacks the discretion to impose a standard range sentence without first considering the mitigating circumstances of youth where the defendant committed the crime as a juvenile.[9] When the court considers the appropriate mitigating circumstances, it has "absolute discretion" to impose a sentence "proportionate for a particular juvenile" to avoid imposing an unconstitutionally disproportionate sentence.[10] An appellate court "cannot reweigh the evidence on review," even if it "cannot say that every reasonable judge would necessarily make the same decisions as the court did."[11]

During a <u>Miller</u> resentencing hearing, the trial court "'must fully explore the impact of the defendant's juvenility on the sentence rendered.'"[12]

---

[7] <u>Delbosque</u>, 195 Wn.2d at 129.

[8] <u>Id.</u> at 116 (quoting <u>State v. Lamb</u>, 175 Wn.2d 121, 127, 285 P.3d 27 (2012).

[9] <u>In re Pers. Restraint of Ali</u>, No. 95578-6, slip op. at 9-10 (Wash. Sept. 17, 2020), http://www.courts.wa.gov/opinions/pdf/955786.PDF.

[10] <u>Id.</u> at 10 (citing <u>State v. Houston-Sconiers</u>, 188 Wn.2d 1, 19 n.4, 34, 391 P.3d 409 (2017)).

[11] <u>State v. Ramos</u>, 187 Wn.2d 420, 453, 387 P.3d 650 (2017).

[12] <u>Id.</u> at 443 (quoting <u>Aiken v. Byars</u>, 410 S.C. 534, 543, 765 S.E.2d 572 (2014)).

Consequently, both the court and counsel have an affirmative duty to ensure that proper consideration is given to the defendant's chronological age at the time of his crime and related features, including immaturity, impetuosity, and a failure to appreciate risks and their consequences.[13] The court must also consider the defendant's childhood and life experiences before the crime, the defendant's capacity for exercising responsibility, and evidence of the defendant's rehabilitation since the crime.[14]

On remand, as in his earlier appeal following resentencing, Backstrom presents a narrow legal challenge, contending the trial court failed to "meaningfully consider" the mitigating circumstances of youth.[15] He does not challenge the sufficiency of the court's findings on resentencing nor does he contend the court failed to consider relevant mitigating evidence. Essentially, he presents two arguments: first, the court engaged in cursory consideration of the Miller factors by giving too much weight to the facts of the offense and insufficient weight to mitigating evidence, and, second, the court disregarded its own findings about his potential for rehabilitation when it resentenced him.

---

[13] Id. (citing Miller, 567 U.S. at 477).

[14] See RCW 10.95.030(3)(b) (requiring that courts sentencing juveniles for aggravated first degree murder account for the "age of the individual, the youth's childhood and life experience, the degree of responsibility the youth was capable of exercising, and the youth's chances of becoming rehabilitated"); accord Miller, 567 U.S. at 477-78.

[15] Appellant's Br. at 8; Supp. Appellant's Br. at 10.

Neither argument is compelling because they are not supported by the record or the law. The court reviewed the entire trial transcript, testimony given as part of Backstrom's motion for a new trial, the original sentencing decision, the denial of Backstrom's motion for a new trial, the original appellate opinion, memoranda provided for resentencing, an expert report and a mitigation investigation report prepared for the Miller hearing, letters supporting and opposing Backstrom's petition, victim impact letters, and all statements and testimony from the hearing itself. From this, the court explicitly, thoughtfully, and carefully considered each mitigating factor required by the Miller-fix statute, RCW 10.95.030(3)(b):

> . . . [H]e was young. Clearly, he was less than 18. It was a time at which all the science and, of course, our own common sense tells us that his brain and accompanying decision-making abilities were not fully formed.
>
> His lifestyle at the time clearly illustrated that he had very poor decision-making abilities and very poor judgment. So he certainly wasn't a person who was more mature than a typical 17 year old, and I think by his own statements . . . as he put it, [even more] selfish than some and possibly self-centered based on his age and circumstances.
>
> I considered the surrounding environmental and family circumstances. It does appear with the exception of support of grandparents that Mr. Backstrom had little or no family support. . . . He was drinking excessively. He was attending school sporadically, and he did not have much in the way of external controls whatsoever.
>
> . . . .
>
> In terms of his rehabilitation, there's no question in my mind that the person who sits here today is very, very different than the person of 20 years ago . . . And if Dr. Muscatel is

correct that success in prison translates to a good chance of success in society if released, then his prospects for rehabilitation . . . are fairly strong.[16]

The court also weighed whether Backstrom's age impacted his legal defense, his potential impetuousness at the time of the crime and whether impetuousness played a role in the crime itself, and whether his compromised decision-making abilities reduced his capacity for exercising responsibility and appreciating risks. The court found Backstrom's chronological age, his family circumstances, and his prospects for rehabilitation were mitigating factors. The record shows the court weighed the mitigating evidence and conducted more than a cursory review.

In Delbosque, by contrast, the trial court "oversimplified and sometimes disregarded Delbosque's mitigation evidence" and entered findings lacking substantial evidence about his potential for rehabilitation.[17] The trial court concluded Delbosque was "irretrievably depraved without reconciling, much less acknowledging, significant evidence to the contrary."[18] Because the trial court's conclusions about Delbosque's ability to be rehabilitated lacked substantial evidence, resentencing was required.[19]

---

[16] RP (June 28, 2017) at 181, 184.

[17] 195 Wn.2d at 118-19, 120.

[18] Id. at 120.

[19] Id. at 130-31.

Here, Backstrom does not contend the court's findings lacked substantial evidence, and the court carefully reviewed and weighed the mitigating evidence. He asserts the trial court concluded he was permanently incorrigible by referring to the then-recent Court of Appeals decision of State v. Bassett,[20] but the record shows otherwise. The court here, unlike the trial court in Bassett,[21] did not minimize evidence of rehabilitation and sentence Backstrom to life imprisonment without parole. Indeed, contrary to Backstrom's assertion that the court disregarded its findings about his capacity for rehabilitation, his new sentence is substantially shorter, roughly half of his original sentence,[22] and he now may become eligible for parole. He may disagree with how the court weighted the evidence, but we do not reweigh evidence on review.[23] Because the trial court carefully and meaningfully considered the mitigating evidence presented, including his potential for rehabilitation, and had complete and absolute discretion to weight it when

---

[20] 198 Wn. App. 714, 394 P.3d 430 (2017), aff'd in part, 192 Wn.2d 67, 428 P.3d 343 (2018).

[21] 192 Wn.2d 67, 75, 428 P.3d 343 (2018).

[22] Backstrom will serve his 42-year sentences concurrently rather than consecutively, and he will no longer receive any incarceration for the weapon enhancements to his original sentence, which eliminates four years from his sentence.

[23] Ramos, 187 Wn.2d at 453.

fashioning a proportionate sentence,[24] Backstrom fails to show the court abused its discretion.

Therefore, we affirm.

_____
Verellen, J.

WE CONCUR:

_____        _____
Leach, J.                       Dwyer, J.

---

[24] See Ali, No. 95578-6, slip op. at 10 (trial court has absolute discretion to weigh mitigating evidence in Miller resentencing); Houston-Sconiers, 188 Wn.2d at 21 (holding the trial court has "complete discretion to consider mitigating circumstances" of youth when sentencing for crimes committed by a juvenile).