IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40425-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN M. LUNDY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, C.J. — John Lundy appeals the denial of his post judgment motion to withdraw his guilty plea based on ineffective assistance of counsel and insufficient evidence. The trial court denied the motion under CrR 4.2(f) without addressing CrR 7.8, even though the motion was filed after Lundy's judgment and sentence was entered. Because CrR 7.8 governs post judgment plea-withdrawal motions and the trial court failed to apply that rule, we remand the case for the trial court to consider the motion under the correct rule.

BACKGROUND

Lundy pleaded guilty to introducing contraband in the second degree, and the court sentenced him on October 16, 2023.

On November 27, 2023, Lundy moved to withdraw his guilty plea under CrR 4.2 and CrR 7.8, asserting ineffective assistance of counsel and insufficient evidence. The affidavit in support of his motion cited CrR 7.8 in addition to CrR 4.2. The State responded to the motion, also citing CrR 4.2 and mentioning CrR 7.8, but failed to analyze CrR 7.8.

The trial court held a hearing on the motion. Neither the court nor the parties, however, addressed the applicability of CrR 7.8 or the standards associated with that rule. Following the hearing, the court entered a short order denying Lundy's motion. The court's written decision did not mention CrR 7.8, the standards governing that rule, or any ruling under that rule.

Lundy appealed.

## ANALYSIS

On appeal, Lundy and the State argue the merits of Lundy's motion to withdraw. In addition, Lundy raises new arguments in his appellate brief as to why his plea was involuntary. Neither party addresses CrR 7.8 nor the trial court's failure to address CrR 7.8.

We conclude that CrR 7.8 applies to Lundy's motion, and that, because the trial court did not appear to rule on or consider CrR 7.8 when it decided Lundy's motion, it abused its discretion by failing to apply the correct legal standard.

Under CrR 4.2(f), the trial court "shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice. . . . If the motion for withdrawal is made after judgment, it shall be governed by CrR 7.8." *Accord In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 601, 316 P.3d 1007 (2014) ("a motion to withdraw a plea after a judgment is entered is governed by CrR 7.8, not simply CrR 4.2(f)"). "[A] postjudgment motion to withdraw a guilty plea must either meet the requirements of both CrR 4.2(f) and CrR 7.8, . . . or only CrR 7.8." *State v. Lamb*, 175 Wn.2d 121, 129, 285 P.3d 27 (2012) (emphasis and citation omitted).

Under CrR 7.8(c)(2), "[t]he court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing."

Lundy's motion to withdraw his plea post-judgment is a collateral attack on his conviction. *State v. Buckman*, 190 Wn.2d 51, 60, 409 P.3d 193 (2018). Yet, the trial court failed to apply CrR 7.8 before denying Lundy's motion on the merits and without explanation. The trial court's failure to apply the standards set forth in CrR 7.8 constitutes an abuse of discretion. *Lamb*, 175 Wn.2d at 128.

3

It is possible to convert a direct appeal from the denial of a CrR 7.8 motion to a personal restraint petition, but such a conversion raises concerns for the defendant. Converting a wrongly-decided CrR 7.8 motion to a personal restraint petition subjects the motion to the successive petition rule under RCW 10.73.140. *State v. Smith,* 144 Wn. App. 860, 864, 184 P.3d 666 (2008).

In addition, collateral attacks must generally be brought within one year of the judgment becoming final. RCW 10.73.090(1). The one-year time limit applies independently to new issues raised for the first time in supplemental briefing. *In re Pers. Restraint of Wilson*, 169 Wn. App. 379, 393-94, 279 P.3d 990 (2012). Even if Lundy's original motion was timely, new issues raised in briefing on appeal may be untimely if the new issues are not part of the original issues. *See id.* at 387.

Generally, when a trial court applies the wrong rule, we will remand the case for the trial court to apply the correct rule. *State v. Parvin*, 184 Wn.2d 741, 753, 364 P.3d 94 (2015).

Here, the trial court abused its discretion by failing to apply CrR 7.8 to Lundy's motion. CrR 7.8 imposes distinct procedural and substantive requirements in this context that the trial court did not consider or address. Because the court analyzed Lundy's motion solely under CrR 4.2(f) and made no findings under CrR 7.8, there is no ruling for this court to review under the proper legal standard. We therefore remand the case for the trial court to apply CrR 7.8 to Lundy's motion.

No. 40425-1-III
*State v. Lundy*

Remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, C.J.

WE CONCUR:

_____
Hill, J.

_____
Murphy, J.