FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
SEPTEMBER 12, 2024

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
SEPTEMBER 12, 2024

SARAH R. PENDLETON
ACTING SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON | No. 102131-3 |
| Respondent, | |
| v. | EN BANC |
| CHRISTOPHER LEE OLSEN | |
| Petitioner. | Filed: September 12, 2024 |

STEPHENS, J.— In *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), this court declared Washington's strict liability drug possession statute unconstitutional, resulting in the invalidation of convictions under the statute. This case requires us to decide whether the invalidation of a prior drug possession conviction allows an untimely challenge to various guilty pleas entered prior to *Blake*.

In 2003 and 2006, Christopher Lee Olsen pleaded guilty to several offenses, including unlawful possession of a controlled substance. He has since served his sentences for those offenses. In 2021, he sought to withdraw his pleas to all the charges in light of *Blake*. The trial court vacated his drug possession convictions but denied his motions to withdraw his guilty pleas. The Court of Appeals affirmed, and we accepted both Olsen's and the State's petitions for review.

We hold that Olsen's claims to withdraw his guilty pleas are time barred. Even if we were to find an applicable exception to the time bar, Olsen does not establish grounds to withdraw his guilty pleas and thus his claims fail on the merits.

FACTS AND PROCEDURAL HISTORY

In 2003, in separate plea agreements, Olsen pleaded guilty to forgery and unlawful possession of a controlled substance. The offenses occurred independently, in August and September 2003, respectively. Each plea agreement referenced the other case and the trial court accepted the pleas at the same time, imposing concurrent sentences of three months in jail. These convictions became final in 2003. In 2005, the State charged Olsen with unlawful possession of a controlled substance and unlawful possession of a firearm in the second degree. These offenses were committed on the same day and charged under the same cause number. In 2006, Olsen pleaded guilty to both offenses in a single plea agreement.[1] The trial court sentenced him to 19 months in prison and 19 months of community custody pursuant to a drug offender sentencing alternative (DOSA). These convictions became final in 2006. Olsen has completed his sentences for both the 2003 and 2005 convictions. He has since been convicted of first degree murder and

---

[1] The record shows that Olsen's guilty plea to these charges was actually entered in January 2006. However, the parties generally refer to this set of convictions and the associated guilty plea as the "2005 convictions" and "2005 case," and we do the same for consistency and clarity.

is in prison for that offense. He makes no argument here concerning the validity of his murder conviction in light of *Blake*.

In 2021, Olsen filed untimely CrR 7.8 motions to withdraw his 2003 and 2005 guilty pleas based on this court's decision in *Blake*. The trial court vacated his drug possession convictions but denied the request to withdraw the guilty pleas, concluding, "There is a distinction between the [d]efendant's invalid [*Blake*] conviction . . . and the voluntariness of [his] plea." Clerk's Papers (No. 56574-9-II) (1 CP) at 96; Clerk's Papers II (No. 56584-6-II) (2 CP) at 86. The court rejected Olsen's argument that the 2003 and 2005 plea agreements were each indivisible package deals. The State did not raise the time bar insofar as allowing vacation of the drug possession convictions, and the court concluded that "[the] matter [was] not time barred" under RCW 10.73.090. 1 CP at 96; 2 CP at 86. The court also rejected Olsen's argument for resentencing, describing the issue as "moot or virtually moot" because Olsen had "already served more time than ordered on [the] unvacated remaining convictions." 2 CP at 93.

Olsen appealed, arguing that *Blake* entitled him to withdraw his guilty pleas to the drug possession charges. Specifically, he claimed that after *Blake*, his pleas to unlawful possession of controlled substances became pleas to nonexistent crimes, rendering them involuntary. *State v. Olsen*, 26 Wn. App. 2d 722, 727, 530 P.3d 249 (2023). He further argued that upon withdrawal of the drug possession pleas, he was

3

allowed to withdraw his other pleas associated with each deal because they were part of indivisible agreements. *Id.* at 731-32.

The Court of Appeals disagreed and affirmed the superior court. *Id.* at 724, 737. The court concluded that at the time of Olsen's convictions, his pleas were to valid and lawful charges of possession of controlled substances, and the fact that *Blake* later held the drug possession statute unconstitutional did not result in Olsen pleading guilty to nonexistent crimes. *Id.* at 728-29. Further, Olsen did not show that he was unaware of or misinformed about the charges when he agreed to plead guilty. *Id.* at 730. And even if the guilty pleas were not knowing, voluntary, and intelligent, Olsen had failed to demonstrate actual and substantial prejudice. *Id.* at 731. Because Olsen was not entitled to withdraw his drug possession guilty pleas, the court reasoned, the indivisibility of the plea agreements was not at issue. *Id.* at 724. Still, the court noted that Olsen failed to show that the 2003 guilty pleas were part of an indivisible agreement and that he did not demonstrate actual and substantial prejudice to support withdrawal of the 2005 guilty plea agreement. *Id.* at 734-36.

Olsen petitioned for review in this court and the State conditionally cross petitioned. In its answer, the State asked this court to consider issues unaddressed by the Court of Appeals, including whether Olsen's claim that his guilty pleas were involuntary was time barred under RCW 10.73.090. We granted review of both

4

Olsen's and the State's petitions. We also accepted briefing from amici curiae Washington Defender Association, American Civil Liberties Union of Washington Foundation, and Civil Survival Project.

ANALYSIS

Olsen seeks to withdraw his guilty pleas in their entirety. He claims he has a due process right to withdraw the guilty pleas to the drug possession charges because they became involuntary and unknowing after *Blake*. He then argues that because the plea agreements are indivisible, he is entitled to withdraw the non-drug-possession guilty pleas as well.

We reject Olsen's arguments and affirm the Court of Appeals in result. We hold that Olsen's claims to withdraw his drug possession pleas are time barred. While *Blake* invalidated Olsen's simple drug possession convictions, it does not open the door to untimely challenges to the voluntariness of guilty pleas.

A motion to withdraw a plea after judgment has been entered is a collateral attack. *State v. Buckman*, 190 Wn.2d 51, 60, 409 P.3d 193 (2018). Criminal defendants seeking to collaterally attack their judgment and sentence must do so within one year of the judgment and sentence becoming final. RCW 10.73.090. The one-year time limit is a "mandatory rule that acts as a bar to appellate court consideration of [collateral attacks] filed after the limitation period has passed, unless . . . one of the exemptions enumerated in RCW 10.73.100" applies. *In re*

*Pers. Restraint of Bonds*, 165 Wn.2d 135, 140, 196 P.3d 672 (2008) (plurality opinion). We analyze collateral attacks with a heightened standard of review in light of society's "significant interest in the finality of criminal convictions." *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 12, 513 P.3d 769 (2022).

A. The State did not waive reliance on the time bar

Initially, Olsen argues the State waived any reliance on the time bar when it failed to object or appeal the trial court's order allowing the vacation of his *Blake* convictions as not time barred. We disagree. The State never waived any argument with respect to Olsen's specific claim to withdraw his pleas as involuntary.

The trial court's order denying Olsen's motions to withdraw his guilty pleas states that "[t]he time limit prescribed by RCW 10.73.090 does not apply." 1 CP at 96; 2 CP at 86. However, this statement is limited in scope to the arguments Olsen made below—that *Blake* rendered his judgment and sentence and the plea agreements void. He did not raise involuntariness as the basis for withdrawing his pleas. Therefore, the State's "waiver" cannot be interpreted to extend to arguments about the involuntariness of the guilty pleas. While we have at times accepted the parties' agreement to reach the merits of an issue that might be time barred, Olsen offers no authority for avoiding the time bar based on "waiver" by the State under circumstances such as those here. The time bar is properly before us.

B. *Blake* is not "material" to the withdrawal of Olsen's drug possession
   guilty pleas for purposes of the time bar exception in RCW 10.73.100(6)

Olsen argues that he is entitled to withdraw his guilty pleas because *Blake* constitutes a significant, retroactive change in the law that is material to his claims under RCW 10.73.100(6). He reasons that *Blake* affects a "'materially determinative issue'" in that his "request to withdraw from his indivisible plea agreements rests on his *Blake*-based challenge to the possession convictions." Pet'r's Suppl. Br. at 28-29 (quoting *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 234-35, 474 P.3d 507 (2020)). Amici urge us to consider the influence additional charges such as drug possession may have had on the "coercive pressure to plead guilty." Br. of Amicus Curiae Wash. Def. Ass'n et al. at 10-13.

RCW 10.73.100(6) provides an exception to the one-year time bar when there has been a significant, retroactively applicable change in the law that is material to the defendant's conviction or sentence. There is no dispute that *Blake* is a significant, material, retroactively applicable change in the law to the extent it allows the vacation of Olsen's drug possession convictions. However, whether *Blake* entitles Olsen to withdraw his drug possession guilty pleas turns on whether *Blake* is material to those pleas.

The key question is whether the change in the law is "determinative of a material issue" in the defendant's petition. *State v. Miller*, 185 Wn.2d 111, 114, 371 P.3d 528 (2016). The defendant must show the law "changed . . . in a way that

7

entitles [them] to relief," such as by changing the process or result of their case. *Kennedy*, 200 Wn.2d at 21. Materiality "'depends upon the facts and circumstances of each case.'" *In re Pers. Restraint of Zamora*, 14 Wn. App. 2d 858, 863, 474 P.3d 1072 (2020) (quoting *In re Pers. Restraint of Hartzell*, 108 Wn. App. 934, 940, 33 P.3d 1096 (2001)); *In re Pers. Restraint of Fernandez*, 20 Wn. App. 2d 883, 885, 503 P.3d 577 (2022).

This court has declined to find a significant change in the law material when it does not afford the petitioner the relief they request. For example, in *In re Personal Restraint of Davis*, we held that *Monschke*[2] was not material to the petitioner's sentence. 200 Wn.2d 75, 81, 514 P.3d 653 (2022). Davis sought a resentencing hearing based on the new rule articulated in the lead opinion in *Monschke* concerning the sentencing of certain young adults. *Id.* at 79, 81. We rejected his claim, concluding that *Monschke* was "of little use to Davis," in part because he was "convicted under a different statute . . . and . . . was outside the age range of the petitioners who received relief in *Monschke*." *Id.* at 84. We rejected a similar claim in *Kennedy*. 200 Wn.2d at 24. Because Kennedy was "neither convicted of aggravated first degree murder . . . nor sentenced to mandatory LWOP [(life without parole)]," both of which were at issue in the *Monschke* lead opinion, his case "[did] not implicate the same concerns." *Id.* Stated differently, Kennedy

---

[2] *In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 482 P.3d 276 (2021) (plurality opinion).

failed to demonstrate that "*Monschke* . . . changed the law in a way that entitle[d] [him] to relief." *Id.* at 21.

Consistent with our precedent on materiality, the Court of Appeals rejected a claim similar to Olsen's in *Zamora*.  14 Wn. App. 2d at 860.  There, the petitioner argued that this court's decision in *Gregory*[3] entitled him to withdraw his guilty plea that resulted in a death sentence.  *Id.* at 860, 867.  Specifically, he argued that *Gregory* constituted a significant change in the law that affected his plea because "he would not have accepted the plea deal had he known he would not be at risk of execution."  *Id.* at 860.  The Court of Appeals declined to look at whether "a particular legal issue was important to Zamora or motivated him into accepting the plea deal," recognizing that a change in law is material when it "impacts the authority of the courts to convict a defendant of a particular crime or to impose a particular sentence."  *Id.* at 864.  How plea negotiations might have developed had the law been different extends beyond this question, and the court applied our precedent to hold that *Gregory* was not material to Zamora's challenge to his guilty plea, dismissing the petition as time barred.  *Id.* at 867.

Here, Olsen's motions to withdraw his drug possession guilty pleas depend on showing that *Blake* is material to his legal argument that the pleas were involuntary and unknowing.  He cannot make this showing because *Blake*, though a

---

[3] *State v. Gregory*, 192 Wn.2d 1, 427 P.3d 621 (2018) (plurality opinion).

significant, retroactive change in the law for purposes of vacating the drug possession convictions, is not material to Olsen's due process claim challenging the voluntariness of his drug possession pleas.

i.      Subsequent changes in the law do not undermine the voluntariness of a plea so long as the defendant was apprised of its consequences at the time

Olsen alleges his drug possession guilty pleas are involuntary and unknowing because the convictions are now invalid pursuant to *Blake*. He analogizes to case law involving nonexistent crimes, arguing that because "[a] guilty plea to an invalid charge does not 'meet the knowledge requirement,'" he has a due process right to withdraw the guilty pleas. Pet'r's Suppl. Br. at 11-12 (quoting *In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 721, 10 P.3d 380 (2000)). This analogy is not well taken.

"We review the constitutional adequacy of a defendant's plea de novo." *State v. Snider*, 199 Wn.2d 435, 444, 508 P.3d 1014 (2022). Due process requires that a guilty plea must be knowing, intelligent, and voluntary. *Buckman*, 190 Wn.2d at 59. The defendant must have been "sufficiently informed of the direct consequences of the plea that existed *at the time* of the plea." *State v. Lamb*, 175 Wn.2d 121, 129, 285 P.3d 27 (2012); s*ee Brady v. United States*, 397 U.S. 742, 757, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970) ("[A] voluntary plea of guilty intelligently made in the light

of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.").

In *Lamb*, this court addressed a similar claim. 175 Wn.2d at 125. After Lamb's judgment was entered, a legislative change terminated his right to possess firearms. *Id.* at 124-25. Lamb sought withdrawal of his guilty plea, claiming it was involuntary and unknowing because he was not informed that this right would be terminated. *Id.* We held this change in the law did not render his plea involuntary because "the loss of the right was not, at the time of the plea, a consequence of a plea of guilty." *Id.* at 129.

Olsen's drug possession pleas are not invalid pursuant to *Blake*. Similar to the legislative change in *Lamb*, the *Blake* decision occurred well after Olsen signed his plea agreements. Olsen's guilty pleas, knowingly and validly entered, did not become unknowing and involuntary simply because *Blake* declared the drug possession statute unconstitutional. The validity of the pleas turns on whether Olsen was inadequately informed of the law and the consequences at the time he pleaded—an argument he does not raise.

Additionally, we reject Olsen's argument that his pleas were unknowing because *Blake* made the drug possession statute void ab initio, such that he pleaded guilty to a nonexistent crime. His stance directly contradicts our case law on what constitutes a nonexistent crime.

A defendant is convicted of a nonexistent crime when no statute, at the time they committed the conduct for which they are convicted, criminalizes that conduct. *In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 857, 100 P.3d 801 (2004). For example, in *Andress* and *Hinton*, we concluded the defendants could not be convicted of second degree felony murder with assault as the predicate felony because the language of the former second degree felony murder statute "ma[de] no sense if applied where assault [was] the predicate felony." *In re Pers. Restraint of Andress*, 147 Wn.2d 602, 615-16, 56 P.3d 981 (2002);[4] *Hinton*, 152 Wn.2d at 859-60; *see In re Pers. Restraint of Richey*, 162 Wn.2d 865, 869, 175 P.3d 585 (2008) (holding attempted felony murder is a nonexistent crime because it is illogical to require the State to prove the "defendant intended to commit a crime that does not have an element of intent"); s*ee also Thompson*, 141 Wn.2d at 719 (concluding petitioner's judgment and sentence was invalid because his plea agreement showed he was charged with conduct that "did not become a crime until nearly two years after the offense . . . occurred").

Olsen cites *State ex rel. Evans v. Brotherhood of Friends*, 41 Wn.2d 133, 247 P.2d 787 (1952), to argue that a crime defined by an unconstitutional statute is nonexistent. The *Evans* court held that "[i]f a statute is unconstitutional, it is and

---

[4] We noted in *In re Personal Restraint of Bowman* that the legislature later amended the second degree felony murder statute to include assault as a predicate crime. 162 Wn.2d 325, 335, 172 P.3d 681 (2007).

has always been a legal nullity," declaring this "point . . . so well established that it should require no citation." 41 Wn.2d at 143. The only case *Evans* cited for support for its broad rule was the 1886 United States Supreme Court opinion in *Norton v. Shelby County*, 118 U.S. 425, 442, 6 S. Ct. 1121, 30 L. Ed. 178 (1886). *Id.*

This line of reasoning has since been rejected. In 1940, the Supreme Court disavowed this holding in *Norton*, writing that

> such broad statements as to the effect of a determination of constitutionality must be taken with qualifications. The actual existence of a statute, prior to such a determination, is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration.

*Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 374, 60 S. Ct. 317, 84 L. Ed. 329 (1940); see *Dobbert v. Florida*, 432 U.S. 282, 297-98, 97 S. Ct. 2290, 53 L. Ed. 2d 344 (1977) (citing *Baxter*, 308 U.S. at 374); *see also McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 39-40, 110 S. Ct. 2238, 110 L. Ed. 2d 17 (1990) (holding the Florida legislature was entitled to remedy a statute found unconstitutional by Florida courts). And, this court has recognized that *Norton* is "antiquated Supreme Court authority" and has adopted "more recent . . . precedent" on this issue. *W.R. Grace & Co. v. Dep't of Revenue*, 137 Wn.2d 580, 594-95, 973 P.2d 1011 (1999) (citing *McKesson*, 496 U.S. at 39-40).

We decline to endorse *Evans* and thus disagree with Olsen that an unconstitutional statute is a nullity, void ab initio, that renders his plea unknowing

and involuntary. When he pleaded guilty, simple drug possession was a valid crime.

*See, e.g.*, *State v. Cleppe*, 96 Wn.2d 373, 635 P.2d 435 (1981), *overruled in part by*

*Blake*, 197 Wn. 2d 170; *State v. Bradshaw*, 152 Wn.2d 528, 98 P.3d 1190 (2004),

*overruled in part by Blake*, 197 Wn.2d 170; *see also State v. Schmeling*, 191 Wn.

App. 795, 801-02, 365 P.3d 202 (2015) (rejecting due process challenge to strict

liability drug possession statute). While our decision in *Blake* later rendered his drug

possession convictions invalid, which Olsen was entitled to have vacated, it did not

retroactively render his guilty pleas unknowing and involuntary. More precisely,

though *Blake* is a significant, retroactively applicable change in the law to the extent

it requires the vacation of Olsen's drug possession convictions, it does not provide

new legal grounds for determining whether he voluntarily and knowingly pleaded

guilty to drug possession, a valid crime in 2003 and 2005. Olsen cannot use *Blake*

to circumvent the time bar under RCW 10.73.100(6) and belatedly challenge his

guilty pleas. [5]

---

[5] As an alternative argument, Olsen asserts that *Blake* entitles him to withdraw his guilty pleas because it advances "'[a]n old rule whose new application significantly changes the law.'" Pet'r's Suppl. Br. at 28 n.24 (alteration in original) (quoting *In re Pers. Restraint of Yung-Cheng Tsai*, 183 Wn.2d 91, 103, 351 P.3d 138 (2015)). However, *Tsai* applies only where the significant change in the law is based in statute. *In re Pers. Restraint of Colbert*, 186 Wn.2d 614, 623, 380 P.3d 504 (2016). *See id.* at 627 (Madsen, C.J., concurring) (agreeing with the majority that the significant change in the law at issue "rest[ed] on constitutional due process principles rather than statutory interpretation"). *Blake* did not reinterpret the drug possession statute but declared it unconstitutional on due process grounds. 197 Wn.2d at 188. The limited rule in *Tsai* is therefore inapplicable.

CONCLUSION

Olsen's CrR 7.8 motions to withdraw his guilty pleas are time barred. Though *Blake* constitutes a significant, material retroactive change in the law for purposes of vacating drug possession convictions, it is not material to Olsen's claims to withdraw his guilty pleas because it does not support the relief he requests. He cannot demonstrate entitlement to relief because a guilty plea that was valid when entered is not rendered unknowing and involuntary due to a later change in the law. Given that Olsen has not established grounds to withdraw either of his drug possession pleas, we do not reach the question of whether the plea agreements were indivisible such that he could seek to withdraw the pleas to the nondrug charges as well. We affirm the Court of Appeals in result and uphold the trial court's denial of Olsen's motions to withdraw his guilty pleas.

_____
Stephens, J.

WE CONCUR:

_____  
Gonzáles, C.J.

_____  
Gordon McCloud, J.

_____  
Johnson, J.

_____  
Yu, J.

_____  
Madsen, J.

_____  
Montoya-Lewis, J.

_____  
Owens, J.

_____  
Whitener, J.