IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>ISAIAH EDWARD PRESTON,<br><br>Petitioner. | No. 86982-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, C.J. — In this personal restraint petition, Isaiah Preston challenges the judgment and sentence imposed on his 2003 conviction by plea of guilty to one count of rape in the first degree with a firearm enhancement.[1] Despite the court's acceptance and imposition of the agreed sentencing recommendation pursuant to Preston's negotiated plea agreement with the State, he now seeks to challenge his agreed sentence in reliance on the rules announced in *State v. Houston-Sconiers.*[2] Preston avers *Houston-Sconiers* exempts his challenge from the one-year time bar prohibiting collateral attack on a judgment and sentence. Given the procedural posture of this case, he does not establish that his claims are exempt from the one-year time limit, and his petition is, therefore, untimely. Accordingly, we dismiss his petition.

---

[1] This matter was transferred from the superior court to this court to be considered as a personal restraint petition pursuant to CrR 7.8(c)(2).

[2] 188 Wn.2d 1, 391 P.3d 409 (2017).

FACTS

In November 2001, the State charged Preston in King County Superior Court juvenile division with one count of rape in the second degree. He was fourteen years old when he committed the charged offense. Two months later, in another prosecution against Preston, the Lewis County Superior Court entered a judgment and sentence on a jury's verdict that convicted him of one of count of rape in the second degree. Meanwhile, in King County, the State requested that the juvenile court decline jurisdiction over Preston's case, which the court granted in September 2002. One month later, in October, the State filed an information that charged Preston as an adult and alleged one count of rape in the first degree with a firearm enhancement, among other offenses.[3]

Eight months later, in July 2003, while represented by counsel, Preston entered a guilty plea to rape in the first degree with a firearm enhancement. Significantly, the guilty plea also included an agreed sentencing recommendation that included a term of incarceration at the high end of the standard range of 318 months, plus a consecutive 60-month term for the firearm enhancement, for a total of 378 months. The guilty plea further set forth that the term of confinement would run concurrent to his Lewis County sentence and he would be credited for time served from November 2001, the date that the State filed its complaint in King County juvenile court, rather than October 2002, when it charged him as an adult. The State also agreed to pursue no additional charges arising out of the incidents underlying its information in this matter. The trial court accepted the guilty plea

---

[3] The State also charged Preston with one count of child molestation in the third degree against one victim but later dismissed that charge.

and imposed a total term of 378 months' confinement pursuant to the joint recommendation.[4]

Preston did not appeal the entry of the judgment and sentence. It became final on September 15, 2003, the date that it was entered.[5]

More than two decades later, in March 2024, while represented by legal counsel, Preston filed a motion in King County Superior Court that challenged his guilty plea and the sentence imposed thereon. Pursuant to the directive in CrR 7.8(c)(2), that court properly transferred the matter to this court for consideration as a personal restraint petition (PRP). Preston initially requested appellate counsel for this matter, which we appointed pursuant to his request. He later requested to proceed pro se, which a commissioner of this court granted.[6]

He now seeks consideration of the merits of his petition.

---

[4] Based on Preston's prior criminal history as a juvenile and an adult, his offender score was 12.

[5] Preston has since filed multiple collateral attacks to the entry of this judgment and sentence. He voluntarily withdrew his petition in four of these cases, which we dismissed accordingly. We also dismissed one of his petitions that challenged the voluntariness of his guilty plea on a basis unrelated to *Houston-Sconiers*.

[6] Following our grant of his motion to proceed pro se, we instructed Preston to "inform this [c]ourt in writing whether this [c]ourt should consider the supplemental brief filed by appointed counsel or whether he wishes to file a separate pro se supplemental brief or both." The following month, Preston responded,

I, Isaiah E. Preston, appearing Pro Se.

To the [c]ourt. I come now to inform the [c]ourt that I will not be filing any reply nor response to the State's last filing's[.] There's no need to repeat what has already been said. The [c]ourt also asked if I wanted to keep the things that [my appellate attorney] filed[.] The Answer is No. Please remove it.

Accordingly, we do not consider his appellate counsel's supplemental brief in this matter.

ANALYSIS

Preston asserts that he has carried his burden of establishing that his challenge to the sentence imposed against him is exempt from the one-year time bar to a collateral attack on a judgment and sentence. We disagree.

I.     Legal Background

Our Supreme Court has recognized that "[g]ranting a PRP is an extraordinary form of relief, so we require the petitioner to 'meet a high standard before this court will disturb an otherwise settled judgment.'" *In re Pers. Restraint of Hinton*, 1 Wn.3d 317, 324, 525 P.3d 156 (2023) (quoting *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011)).

A petitioner who asserts an error of constitutional magnitude "'must demonstrate by a preponderance of the evidence that [they were] actually and substantially prejudiced by the constitutional error . . . to obtain relief on collateral review.'" *In re Pers. Restraint of Forcha-Williams*, 200 Wn.2d 581, 601, 520 P.3d 939 (2022) (some alteration in original) (quoting *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 242-43, 474 P.3d 507 (2020)).

A.     Personal Restraint Petitions and *Houston-Sconiers*

The central basis of Preston's collateral attack on his judgment and sentence is our Supreme Court's decision in *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), which our Supreme Court decided on direct appeal from a contested sentencing hearing. We recently analyzed *Houston-Sconiers*

and its progeny in *In re Personal Restraint of Rodriguez*, 29 Wn. App. 2d 17, 539 P.3d 849 (2023). There, we stated,

> A personal restraint petition challenging a judgment and sentence must be filed within one year after the judgment becomes final "if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). However, a petition is exempt from this time limit when it "is based on a significant change in the law, which is material to the conviction or sentence, and sufficient reasons exist to require retroactive application of the changed legal standard." *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 233, 474 P.3d 507 (2002) (citing RCW 10.73.100(6)); *see also* RAP 16.4(c)(4).
>
> Our Supreme Court, in recognition that "'children are different' under the Eighth Amendment [to the United States Constitution]," has held that "sentencing courts must have complete discretion to consider mitigating circumstances associated with the youth of any juvenile defendant, even in the adult criminal justice system." *Houston-Sconiers*, 188 Wn.2d at 9, 21. "Trial courts," the Supreme Court announced, "must consider mitigating qualities of youth at sentencing and must have discretion to impose any sentence below the otherwise applicable SRA [Sentencing Reform Act of 1981, ch. 9.94A RCW,] range and/or sentence enhancements." *Houston-Sconiers*, 188 Wn.2d at 21.

*Rodriguez*, 29 Wn. App. 2d at 22-23 (alterations in original) (footnote omitted). Our Supreme Court has since characterized these two rules as the procedural "dual mandates" of *Houston-Sconiers*. *See Forcha-Williams*, 200 Wn.2d at 603.

Additionally, as we further explained in *Rodriguez*,

> [r]elevant to the timeliness of petitions for collateral relief, the high court subsequently explained that "*Houston-Sconiers* announced a new substantive rule that must be applied retroactively." *Ali*, 196 Wn.2d at 242; *see also In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 266, 474 P.3d 524 (2020). It explained that
>
>> *Houston-Sconiers* established a category of punishments that are prohibited: adult standard SRA ranges and enhancements that would be disproportionate punishment for juveniles who possess diminished culpability. It also established a mechanism necessary to effectuate that substantive rule: sentencing courts must consider the mitigating

> qualities of youth and have discretion to impose sentences below what the SRA mandates.
>
> *Ali*, 196 Wn.2d at 237. "*Houston-Sconiers* is substantive," the court explained, "because it placed certain adult sentences beyond courts' authority to impose on juveniles who possess such diminished culpability that the adult standard SRA ranges and enhancements would be disproportionate punishment." *Ali*, 196 Wn.2d at 239. The court held that "*Houston-Sconiers* constitutes a significant and material change in the law that requires retroactive application." *Ali*, 196 Wn.2d at 226.

*Rodriguez*, 29 Wn. App. 2d at 23-24.

Notably, with regard to whether the *Houston-Sconiers* procedural mandates were relevant to the timeliness of a petition for collateral relief, we recognized,

> Our Supreme Court "has since confirmed that *Houston-Sconiers*'s procedural 'dual mandates' are not retroactive and therefore do not apply on collateral review to a sentence that is long final." *In re Pers. Restraint of Carrasco*, 1 Wn.3d 224, 233, 525 P.3d 196 (2023) (citing *In re Pers. Restraint of Williams*, 200 Wn.2d 622, 631-32, 520 P.3d 933 (2022)). Instead, "the rule announced by *Houston-Sconiers* that applies retroactively . . . is the substantive rule that courts may not impose 'certain adult sentences . . . on juveniles who possess such diminished culpability that the adult standard SRA ranges and enhancements would be disproportionate punishment.'" *In re Pers. Restraint of Hinton*, 1 Wn.3d 317, 331, 525 P.3d 156 (2023) (second alteration in original) (quoting *Ali*, 196 Wn.2d at 239,); *see also Carrasco*, 1 Wn.3d at 233.
>
> Thus, a petitioner who alleges only procedural error pursuant to *Houston-Sconiers* is not entitled to collateral relief. *Carrasco*, 1 Wn.3d at 237.

*Id.* at 24-25 (alterations in original) (footnote omitted).

B. *Houston-Sconiers* and Guilty Pleas with Joint Sentencing Recommendations

In *State v. Harris*, 4 Wn.3d 108, 559 P.3d 499 (2024), our Supreme Court considered the impact of *Houston-Sconiers* on an appeal from a criminal sentence that resulted from the court's acceptance of the defendant's guilty plea and the

parties' joint sentencing recommendation, rather than arising from a contested hearing. There the court noted, "We have not examined *Houston-Sconiers*'s broad language in the context of plea agreements with joint sentencing recommendations on direct review. This case presents such an opportunity." *Harris*, 4 Wn.3d at 115-16.[7]

As a threshold matter, the court observed,

> *Houston-Sconiers* announced a new rule of criminal procedure that applies retroactively to all cases pending on direct review or not yet final. *In re Pers. Restraint of Pierre*, 118 Wn.2d 321, 326, 823 P.2d 492 (1992). Harris's case is on direct appeal; therefore *Houston-Sconiers* applies.

*Id.* at 117.

Turning to the relationship between *Houston-Sconiers* and plea agreements, the court noted,

> Prosecutors and defendants continue to reckon with *Houston-Sconiers* and plea bargaining. Plea bargaining is an "essential" and "highly desirable" part "of the administration of justice." *Santobello v. New York*, 404 U.S. 257, 260-61, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971); ROYCE A. FERGUSON, JR., WASHINGTON PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 3401, at 2 (3d ed. 2004) ("Plea negotiations are an important, if not essential, part of the criminal justice system."). The negotiation of pleas leads to the majority of final dispositions in criminal cases. *Missouri v. Frye*, 566 U.S. 134, 143, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012) (97 percent of federal convictions and 94 percent of state convictions result from guilty pleas); 13 FERGUSON, *supra*, at 2-3 (noting the majority of defendants are convicted by pleading guilty rather than through a trial). This process avoids subjecting defendants to excessive time in confinement pretrial, provides them a measure of certainty as to possible punishments, and more quickly begins the rehabilitative process for those pleading guilty and who are imprisoned. *Santobello*, 404 U.S. at 260-61.

---

[7] The judgment and sentence therein was entered against Harris in 2011 and was before our Supreme Court on direct appeal due to a court commissioner's order granting Harris' 2021 request for an extension of time to file a direct appeal. *Harris*, 4 Wn.3d at 113-14.

Plea bargaining also allows swift closure for victims and preserves time and expense for all involved in the administration of criminal trials. *Frye*, 566 U.S. at 144 (recognizing that plea agreements can benefit both parties based on the "potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing"). "[O]urs 'is for the most part a system of pleas, not a system of trials.'" *Id.* at 143 (quoting *Lafler v. Cooper*, 566 U.S. 156, 170, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012)). Plea bargaining is an integral tool in the criminal justice system and will continue to be widely used.

> *Houston-Sconiers* did not consider plea agreements. The juvenile defendants in that case did not enter pleas; they were convicted and sentenced at a contested sentencing hearing. *Houston-Sconiers*, 188 Wn.2d at 12-13.

> Indeed, much of our juvenile sentencing case law involves contested sentencings rather than negotiated pleas with agreed sentence recommendations.

*Id.* at 119-20 (alteration in original) (footnote omitted). The court thus recognized,

> *Houston-Sconiers* and the cases interpreting it have done so almost exclusively in the context of contested sentencing hearings. The current case presents a different situation—a plea agreement with a joint sentence recommendation accepted by the court without meaningful consideration of the juvenile defendant's youth. None of our juvenile sentencing cases have addressed this issue. That is, whether a trial court in the first instance must independently collect mitigating evidence of youth even if it is not raised or argued for by the parties.

> This issue of first impression implicates two competing interests: *Houston-Sconiers*'s requirement that courts meaningfully consider a juvenile defendant's youth and the critical role of plea bargaining in our legal system. To balance these interests, *we hold that when parties negotiate a plea agreement requiring neither party to advocate for a lesser sentence, a trial court is not required to sua sponte ask the parties to provide mitigating evidence of youthful qualities if the court accepts the agreed recommendation.*[8] . . .

> . . . .

> Holding otherwise risks destabilizing the plea-bargaining process in Washington. Such a holding would undo long-settled plea

---

[8] While we recognize that the authoring judge has previously expressed a view diverging from this holding, *see State v. Zwede*, 21 Wn. App. 2d 843, 872-74, 508 P.3d 1042 (2022) (Hazelrigg, J., dissenting), we similarly recognize that the role of an intermediate appellate court is to apply the law as it exists to the record on appeal. *See State v. Winborne*, 4 Wn. App. 2d 147, 175, 420 P.3d 707 (2018). Our Supreme Court, in denying review in that case, *see State v. Zwede,* 200 Wn.2d 1006 (2022), and setting forth the foregoing holding in *Harris,* has made plain its view on this issue, and we follow its controlling precedent.

agreements for juveniles who negotiated and received recommended sentences. It would also increase the work of trial judges, requiring them to independently elicit evidence from defendants, who may not as a matter of strategy wish to (or cannot effectively) argue mitigating qualities of youth.

*Id.* at 121-23 (emphasis added) (footnote omitted). Thus, the court held, "when a trial court accepts a plea bargain and sentence recommendation, *Houston-Sconiers* does not require inquiry into youth." *Id.* at 123.[9]

The court next considered and rejected the assertion that its reasoning in *Houston-Sconiers* extended to plea agreements and joint sentencing recommendation. *Id.* at 123-27. The court explained,

> *Houston-Sconiers* was intended to prevent disproportionate sentencing for juvenile offenders subject to adult standard SRA sentences. 188 Wn.2d at 21. This is accomplished by ensuring that judges have wide discretion when sentencing juveniles and that they exercise that discretion in a meaningful way. *But the decision does not speak to modifying plea agreements,* especially a plea that contains an express promise not to seek a lesser sentence. . . .
> Considering *Houston-Sconiers*'s facts and reasoning, as well as the lack of precedent *requiring* courts to independently collect mitigation evidence, *Houston-Sconiers did not intend its requirement that courts must consider mitigation evidence should be applied to plea agreements where defendants received the sentences for which they bargained.*

*Id.* at 126-27 (emphasis added).

The court, in so concluding, stated,

> To balance the competing interests of parties who have reached an agreed sentencing recommendation with *Houston-Sconiers* protections for juvenile defendants, we hold that when a sentencing court intends to follow a plea agreement and sentencing recommendation, there is no requirement that the court solicit mitigating and/or aggravating factors from the parties.[10]

---

[9] In the matter before the court on direct appeal, the court emphasized, "[s]uch an inquiry is required when parties do not come to an agreement, the trial judge rejects it, or the judge intends to impose a different penalty." *Harris*, 4 Wn.3d at 123.

[10] The court nevertheless reiterated,

*Id.* at 128-29.

The matter before us presents a similar fact pattern as that before the court in *Harris* but arrives by way of a PRP, after presentation in the trial court as a motion under CrR 7.8, rather than a direct appeal. As we explain in Parts II and III *infra*, Preston's *Houston-Sconiers* procedural violation challenge can be resolved by applying the court's decision in *Harris* and other familiar PRP principles, but his *Houston-Sconiers* substantive violation challenge is an issue of first impression for this court. In resolving that aspect of his challenge, we exercise judicial restraint and resolve that matter with reliance again on familiar PRP principles.[11]

## II. Collateral Challenge to Violation of Procedural Sentencing Mandates

Preston first contends that his challenge to his judgment and sentence is exempt from the one-year time limit because his "youthfulness and its impact on his culpability were not meaningfully considered at sentencing."[12] In so contending, Preston plainly relies on the procedural rules announced in *Houston-*

---

On the other hand, if the sentencing court does not follow the proffered agreement and intends to impose a different sentence, *Houston-Sconiers* requires meaningful consideration of a defendant's youth. In that case, a party does not violate its agreement by strictly answering the sentencing court's questions and does not advocate for a lesser sentence. Similarly, the State does not breach its agreement if it responds to a trial court's questions regarding aggravating evidence.

*Harris*, 4 Wn.3d at 129.

[11] *State v. Valdiglesias LaValle*, 2 Wn.3d 310, 323 n.8, 535 P.3d 856 (2023) ("'Principles of judicial restraint dictate that if resolution of an issue effectively disposes of a case, we should resolve the case on that basis without reaching any other issues that might be presented.'" (internal quotation marks omitted) (quoting *Wash. State Farm Bureau Fed'n v. Gregoire*, 162 Wn.2d 284, 307, 174 P.3d 1142 (2007))).

[12] Preston relies on a statement by the State at a 2021 superior court hearing that his youth was not fully considered at his original sentencing hearing and the superior court's determination that "Mr. Preston falls squarely within the scope of recent changes to the law." His reliance is unavailing. Neither such a statement nor determination constitute a basis for relief from the one-year time bar because the *Houston-Sconiers* procedural rules on which they rely do not apply retroactively to Preston's sentence.

*Sconiers* and, in so doing, asserts that the sentencing court violated those rules when it failed to consider his youth at sentencing. For several reasons, his reliance is unavailing.

First, it plainly follows from the court's reasoning in *Harris* that the *Houston-Sconiers* procedural requirements would not apply to Preston's sentence imposed here. As explained, he entered a guilty plea pursuant to a negotiated resolution of his case that contained an agreed sentencing recommendation that was accepted by the sentencing court, and according to the court in *Harris,* "*Houston-Sconiers* did not intend its requirement that courts must consider mitigation evidence should be applied to plea agreements where defendants received the sentences for which they bargained." *Id.* at 126-27. Therefore, the *Houston-Sconiers* procedural requirements would not apply to Preston's sentence imposed on his guilty plea and joint sentencing recommendation here.

Furthermore, and independent of the foregoing analysis, it is now well-established that "*Houston-Sconiers*' procedural 'dual mandates' are not retroactive and therefore do not apply on collateral review to a sentence that is long final." *Carrasco*, 1 Wn.3d at 233; *see also Hinton*, 1 Wn.3d at 323 (holding that a sentencing court's "failure to adhere to *Houston-Sconiers*'s procedural rule . . . provides no basis for relief because procedural rules do not apply retroactively"). Thus, Preston does not establish that this aspect of his challenge is exempt from the one-year time bar to collateral attacks on a judgment and sentence. Accordingly, it is untimely.

III.     Collateral Challenge to Violation of Substantive Sentencing Mandate

Preston next asserts that his challenge is exempted from the one-year time bar because, as a juvenile with diminished capacity, he was sentenced to serve a disproportionate adult standard range sentence in violation of the prohibition against cruel and unusual punishment set out in the Eighth Amendment.

As set forth *supra*, "'*Houston-Sconiers* established a category of punishments that are prohibited: adult standard SRA ranges and enhancements that would be disproportionate punishment for juveniles who possess diminished culpability.'" *Rodriguez*, 29 Wn. App. 2d at 24 (quoting *Ali*, 196 Wn.2d at 237). This substantive rule "'constitutes a significant and material change in the law that requires retroactive application.'" *Id.* (quoting *Ali*, 196 Wn.2d at 226).

Significantly, however, in order to establish in a collateral attack a sentencing court's violation of the "Eighth Amendment's substantive rule prohibiting punishment disproportionate to culpability," a petitioner must "show by a preponderance of the evidence that [their] sentence would have been shorter if the sentencing judge complied with *Houston-Sconiers*." *Forcha-Williams*, 200 Wn.2d at 599.   This follows the general rule that a defendant asserting a constitutional error must show actual and substantial prejudice to obtain collateral relief. *Id.* at 601.

In resolving this matter, we assume, without deciding, that the *Houston-Sconiers* substantive rule applies to a judgment and sentence imposed following the court's acceptance of a defendant's guilty plea and the parties' joint sentencing recommendation and the term of incarceration imposed in this matter violates the

*Houston-Sconiers* substantive rule. However, even with the benefit of these assumptions, Preston would still be required to establish that the sentencing court here would have imposed a lesser sentence if it had complied with *Houston-Sconiers*. He has failed to do so here.

The record reflects that the sentencing court here imposed a term of confinement against Preston based on his guilty plea and the parties' joint sentencing recommendation. He does not present evidence in support of the notion that the parties believed the agreed sentence was inappropriate or to establish that the sentencing court would have done anything other than accept the guilty plea and agreed recommendation presented to it by the parties. Thus, he does not establish that it is more likely than not that the sentencing court would have imposed a lesser sentence.

Preston nevertheless provides several other bases on which, he avers, he establishes actual and substantial prejudice such that his challenge is exempt from the one-year time bar. None are availing.

First, Preston requests that we adopt a rule that a violation of the *Houston-Sconiers*' substantive rule constitutes per se prejudice. In so doing, he argues,

> While "a constitutional error *generally* does not, on its own, constitute prejudice," in this unique context it does, and it must. This is because the Eighth Amendment absolutely prohibits the imposition of cruel sentences. Thus it cannot matter whether the original sentencing judge could have imposed a lesser sentence and did not; the substantive *Houston-Sconiers* violation is an Eighth Amendment violation and requires correction.[13]

---

[13] Preston relies on a quotation from *State v. Buckman*, 190 Wn.2d 51, 61, 409 P.3d 193 (2018), a case involving collateral review of a guilty plea. His reliance is unpersuasive. As explained *supra*, our Supreme Court has provided express guidance on the standard of prejudice to apply to collateral attack on a judgment and sentence pursuant to *Houston-Sconiers*.

(Footnote omitted.)  He further asserts that we should adopt such a per se standard because

> it is entirely illogical to tether a prejudice standard to the outcome of a pre-*Roper* [*v. Simmons*, 543 U.S. 551 (2005),] sentencing which took place *before* the revolution in our understanding and treatment of children in the criminal legal system.

We decline his invitation to adopt a per se standard.  For one, in the context of *Houston-Sconiers* and in the last five years, our Supreme Court has explicitly rejected such a proposed framework:

> This court has long held a petitioner alleging constitutional error on collateral review must show by a preponderance of the evidence that [they were] actually and substantially prejudiced by the alleged error.  *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004) (citing *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810, 792 P.2d 506 (1990)).  This standard adds an extra hurdle for those seeking collateral relief in accord with our long-standing view of "limit[ing] the availability of collateral relief because it undermines the principles of finality of litigation, degrades the prominence of trial, and sometimes deprives society of the right to punish admitted offenders."  *In re Pers. Restraint of St. Pierre*, 118 Wn.2d 321, 329, 823 P.2d 492 (1992).

*Forcha-Williams*, 200 Wn.2d at 599-600 (some alteration in original).  Accordingly, we decline Preston's request and instead follow our Supreme Court's framework, which we applied to this matter, *supra*.

Preston also relies on a decision from Division Three of this court in *State v. Harris*, 27 Wn. App. 2d 522, 533 P.3d 135 (2023), *aff'd in part, rev'd in part*, 4 Wn.3d 108, 559 P.3d 499 (2024).  However, not only was this decision before this court on direct appeal, rather than from a PRP, but our Supreme Court reversed

and otherwise affirmed this decision on other grounds. In this light, Preston does not establish that this decision is material to the matter before us.[14]

Preston further asserts that in the event of a violation of the *Houston-Sconiers* substantive rule, he should be entitled to withdraw his guilty plea, rather than be resentenced. Once again, even if we assume without deciding that a violation of the *Houston-Sconiers* substantive rule occurred, his assertion fails. In *Harris*, our Supreme Court instructed that in the event a party moves to withdraw a guilty plea due to a *Houston-Sconiers* violation, "the proper remedy . . . would be resentencing." 4 Wn.3d at 128. Thus, to the extent that he seeks to withdraw his guilty plea based on the contention that he is entitled to such relief pursuant to a violation of *Houston-Sconiers*, he does not establish an entitlement thereto.

Finally, Preston avers that he would have moved to withdraw his guilty plea had he been informed that the sentencing court had authority to exercise discretion with regard to the firearm enhancement. This contention fails as well.

As the court explained in *Harris*,

> A voluntary plea made pursuant to then applicable law does not become vulnerable because of subsequent judicial decisions. *Brady v. United States*, 397 U.S. 742, 757, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."). [*State v.*] *Lamb*[, 175 Wn.2d 121, 285 P.3d 27 (2012),] explained that a defendant must be "informed of the direct consequences of the plea that existed *at the time* of the plea." 175 Wn.2d at 129.

---

[14] Additionally, Preston relies on unpublished decisional authority by Division Two of this court in *State v. Holt*, No. 53122-4-II, (Wash. Ct. App. July 20, 2021) (unpublished) https://www.courts.wa.gov/opinions/pdf/D2%2053122-4-II%20Unpublished%20Opinion.pdf. However, this nonbinding and nonprecedential decision was issued prior to our Supreme Court's decision in *Harris,* and we conclude that it therefore has limited persuasive value to the matter before us. *See* GR 14.1(a).

4 Wn.3d at 128 (some alteration in original) (citation omitted). Preston does not dispute that he was properly informed of the consequences in effect at the time that he was sentenced; thus, a post-plea change in the law did not render his plea invalid.

Given the foregoing, Preston does not establish that his challenge to his judgment and sentence is exempt from the one-year time limit to collateral attack on a judgment and sentence. Accordingly, his challenge is time barred.

Dismissed as untimely.

_____

WE CONCUR:

_____        _____
Birk, J.                                                  Chung, J.

- 16 -